**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| PRINCETON DIGITAL IMAGE CORPORATION, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) C.A. No. 13-238-LPS <br> ) <br> ) **JURY TRIAL DEMANDED** <br> ) |
| DELL INC., | ) <br> ) |
| Defendant. | ) |

**DEFENDANT DELL INC.'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO
DISMISS PLAINTIFF PRINCETON DIGITAL IMAGE CORPORATION'S
COMPLAINT FOR PATENT INFRINGEMENT**

Of Counsel:

Thomas M. Dunham
J. Michael Woods
WINSTON AND STRAWN LLP
1700 K Street, N.W.
Washington, DC 20006–3817
Fax:   202.282.5100
Tel:   202.282.5000
tdunham@winston.com
mwoods@winston.com

Monica M. Moussighi
WINSTON & STRAWN LLP
1111 Louisiana, 25th Floor
Houston, TX 77002
Fax:   713.651.2700
Tel:   713.651.2600
mmoussighi@winston.com

Dated: July 12, 2013

NOVAK DRUCE CONNOLLY BOVE + QUIGG LLP

Francis DiGiovanni (#3189)
1007 North Orange Street, 9th Floor
Wilmington, DE 19801
Fax:   302.658.5614
Tel:   302.888.6316
frank.digiovanni@novakdruce.com

*Attorneys for Defendant Dell Inc.*

## **TABLE OF CONTENTS**

I. NATURE AND STAGE OF THE PROCEEDINGS ................................................................ 1

II. SUMMARY OF ARGUMENT ........................................................................................ 1

III. STATEMENT OF FACTS ............................................................................................. 3

IV. APPLICABLE LAW .................................................................................................... 4

V. ARGUMENT ............................................................................................................... 5

    A. A Presumption of Laches Applies Here Because Princeton Delayed Far More Than Six Years Before Filing Suit Against Dell. ................................................... 6

    B. Even Absent a Presumption of Laches, the Two Elements Required for Laches are Satisfied Because of Princeton's Unreasonable Delay in Filing Suit and the Material Prejudice Dell Would Suffer if the Litigation Continues. .... 8

VI. CONCLUSION ........................................................................................................... 10

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*A. C. Aukerman Co. v. R.L. Chaides Constr. Co.*,
   960 F.2d 1020 (Fed. Cir. 1992) (*en banc*) ..................................................................4, 5, 7, 9

*Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc.*,
   988 F.2d 1157 (Fed. Cir. 1993)..................................................................................................6

*Eastman Kodak Co. v. Goodyear Tire &Rubber Co.*,
   114 F.3d 1547 (Fed. Cir. 1997)..................................................................................................7

*Giese v. Pierce Chem*. Co., 29 F.Supp. 2d 33, 39 (D. Mass. 1998)..................................................8

*McZeal v. Sprint Nextel Corp.*,
   501 F.3d 1354 (Fed. Cir. 2007)..................................................................................................4

*Serdarevic v. Advanced Med. Optics, Inc.*,
   532 F.3d 1352 (Fed. Cir. 2008)..............................................................................................5, 9

*Solow Bldg. Co., LLC v. Nine West Group, Inc.*,
   No. 00 Civ. 7685 (DC), 2001 WL 736794 (S.D.N.Y. June 29, 2001), *aff'd*, 48 F.
   App'x 15 (2d Cir. 2002)..............................................................................................................5

*Umland v. Planco Fin. Servs. Inc.*,
   542 F.3d 59 (3d Cir. 2008).........................................................................................................4

*Wanlass v. Gen. Elec. Co.*,
   148 F.3d 1334 (Fed. Cir. 1998)..................................................................................................5

**STATUTES**

35 U.S.C. §286.................................................................................................................................3

**OTHER AUTHORITIES**

Rule 12(b)(6) of the Federal Rules of Civil Procedure...............................................................1, 4

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Dell Inc. ("Dell") requests that the Court dismiss the Complaint brought by Plaintiff Princeton Digital Image Corporation ("Princeton") for failure to state a claim upon which relief can be granted based on the equitable doctrine of laches.

## I. NATURE AND STAGE OF THE PROCEEDINGS

On February 15, 2013, Princeton sued Dell for alleged patent infringement, and then served its Complaint on Dell on June 12, 2013. In its Complaint, Princeton alleges that Dell infringed U.S. Patent No. 4,813,056 (the "'056 Patent") by performing a specific encoding process, i.e. JPEG encoding, that produced some of the images of Dell's products that were used on Dell's website in 2007. *See* D.I. 1, ¶9. The alleged infringing activity did not include the images themselves but rather concerned the specific process by which the JPEG image files were created or modified. *See* '056 Patent at Col. 1:11-16. The '056 Patent issued in 1989 and expired in 2007. Princeton did not provide any pre-suit notice to Dell regarding its infringement accusations, nor did Princeton ask Dell to cease and desist from any allegedly infringing behavior.

## II. SUMMARY OF ARGUMENT

Princeton has improperly brought suit against Dell for alleged infringement of the '056 Patent that issued over twenty years ago and expired almost six years ago in 2007. Princeton's Complaint presents an unusual situation where the doctrine of laches applies based on the face of the Complaint and on facts of which this Court can take judicial notice. Importantly, because the

1

'056 Patent expired long before Princeton filed its Complaint, a decision that laches applies is dispositive of the entire case against Dell.[1]

The equitable doctrine of laches bars a plaintiff from obtaining any damages based on activities prior to the filing of its complaint. In order to prove laches, a defendant must demonstrate that (1) the plaintiff delayed in filing suit for an unreasonable and inexcusable length of time from the time the plaintiff knew or reasonably should have known of its claim against the defendant and (2) that plaintiff's delay prejudiced the defendant. A presumption of laches arises when a plaintiff delays filing suit more than six years. This presumption shifts the burden onto the plaintiff to show that its delay was not unreasonable, inexcusable or prejudicial.

A presumption of laches applies here because Princeton delayed more than six years in filing suit from when it was aware of the allegedly infringing activity or reasonably should have inquired about the alleged infringing activity. Princeton acknowledges that Dell's allegedly infringing activities were already occurring in 2007, almost six years before Princeton filed suit. Moreover, these activities – the encoding of JPEG images of Dell products for use on Dell's website – began many years before 2007 and were widely publicized. As Princeton admits, the original owner of the '056 Patent actively enforced the patent and collected many millions of dollars in licensing fees from numerous large corporations prior to Princeton's acquisition of the asserted patent in 2009. Thus, it is unreasonable that the patent owners would not have inquired about Dell's alleged infringing activity. Because the presumption of laches applies here, the burden of proof shifts to Princeton to show that the delay in filing suit was unreasonable. However, Princeton cannot make such a showing to rebut the presumption of laches.

---

[1] Because the '056 Patent expired in 2007, the only damages Princeton can seek are pre-suit damages. As a decision that laches applies here would eliminate all pre-suit damages, Princeton would no longer have a basis for its allegations.

Even if the Court declines to presume that laches applies here, Dell can also prevail by separately proving the two elements required for laches. For the reasons discussed in detail herein, Princeton's delay in bringing suit against Dell was unreasonable and inexcusable. In addition, the fact that Dell will be materially prejudiced if the litigation proceeds is apparent both from the length of the delay and the nature of the accused activity. Many of the relevant Dell employees from six or more years ago are no longer with Dell and those that are have their recollections of the alleged infringing activity impaired by the passage of time. In addition, the nature of the accused activity – the encoding of JPEG images and not the images themselves – is such that few records would likely have ever been kept much less after six years.

Princeton has unreasonably and inexcusably delayed in filing suit against Dell on a long expired patent. If the litigation were to continue, Dell would be materially prejudiced given the passage of time with respect to these allegations. This Court should dismiss Princeton's Complaint based on the doctrine of laches.

### III.   STATEMENT OF FACTS

The '056 Patent, entitled "Modified Statistical Coding of Digital Signals," issued on March 14, 1989. Princeton does not dispute that the '056 Patent expired on December 8, 2007. By statute, the period for which Princeton could seek damages from Dell is from February 15, 2007 (six years prior to filing of the Complaint) to December 8, 2007 – less than ten months. *See* 35 U.S.C. §286. In 2009, Princeton obtained the '056 Patent through assignment from General Electric Corporation. In a letter to Dell shortly after filing its Complaint, Princeton noted that General Electric actively enforced the '056 Patent and received more than $100,000,000 in licensing fees for the '056 Patent from companies such as Sony, Samsung, LG,

Sharp, Kyocera, and many others.² Importantly, Princeton does not dispute that Dell never received notice of the '056 Patent prior to Princeton filing its Complaint.

In the Complaint, Princeton accuses the process by which Dell allegedly created JPEG images – i.e., pictures – of its products for use on Dell's website, www.dell.com. *See* D.I. 1, ¶9. Dell is well known for the sales of Dell computers through its website, which began in 1996. *See* Declaration of J. Michael Woods in Support of Defendants Dell Inc.'s Opening Brief in Support of Dell's Motion to Dismiss (Woods Decl."), Exhibit A. The JPEG images that are the subject of Princeton's accusations against Dell are one of the most commonly used compression formats for digital images displayed on the web. In fact, JPEG images have been widely used since the early 1990s. Dell's sale of computers through its website beginning in the 1990s and the common use of JPEG images on websites beginning in the 1990s are matters of public knowledge and, thus, it is appropriate for this Court to take judicial notice of these facts.

## IV. APPLICABLE LAW

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of an action where the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6) (2008). The law of the regional circuit applies to a motion to dismiss a patent infringement claim for failure to state a claim. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355-56 (Fed. Cir. 2007). Under Third Circuit law, a court reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) must "accept the complaint's allegations as true, [and] read those allegations in the light most favorable to the plaintiff." *Umland v. Planco Fin. Servs. Inc.*, 542 F.3d 59, 64 (3d Cir. 2008).

---

² The referenced letter was sent by Princeton's outside counsel, Sean T. O'Kelly, to Dell Inc. on February 27, 2013. Because the letter is designated confidential by Princeton it has not been included as an exhibit. However, Dell can make the letter available to the Court for *in camera* review.

Laches is "the neglect or delay in bringing suit to remedy an alleged wrong, which taken together with lapse of time and other circumstances, cause[s] prejudice to the adverse party and operates as an equitable bar." *A. C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1029-30 (Fed. Cir. 1992) (*en banc*). If proven, laches bars a plaintiff from obtaining any damages based on activities prior to the filing of its complaint. *Id*. In order to prove laches, a party must satisfy two elements: (1) "the plaintiff delayed in filing suit for an unreasonable and inexcusable length of time from the time the plaintiff knew or reasonably should have known of its claim against the defendants," and (2) "the delay operated to the prejudice or injury of the defendant." *Id* at 1032.

A presumption of laches arises when a patentee delays filing suit more than six years. That is, a delay of more than six years is presumptively "unreasonable, inexcusable, and prejudicial." *Wanlass v. Gen. Elec. Co.*, 148 F.3d 1334, 1337 (Fed. Cir. 1998). This presumption shifts the burden onto the plaintiff to show that its delay was not unreasonable, inexcusable or prejudicial. *Id* at 1162.

The application of laches "is committed to the sound discretion of the district court." *Serdarevic v. Advanced Med. Optics, Inc.*, 532 F.3d 1352, 1358 (Fed. Cir. 2008). Accordingly, a court may find laches at the motion to dismiss stage where, as here, "laches is clear on the face of plaintiff's Complaint." *See Solow Bldg. Co., LLC v. Nine West Group, Inc.*, No. 00 Civ. 7685 (DC), 2001 WL 736794, at *3 (S.D.N.Y. June 29, 2001) (quotation omitted) (dismissing trademark claim on laches grounds), *aff'd*, 48 F. App'x 15 (2d Cir. 2002).

**V.     ARGUMENT**

Princeton's Complaint alleging infringement of the '056 Patent is ripe for dismissal. Under the doctrine of laches, Dell can prevail by either showing that a presumption of laches

5

exists that Princeton cannot rebut or by separately proving the two elements required for laches. Under either approach for laches, Princeton's allegations are barred.

Because Princeton waited more than six years to bring its infringement claim, a presumption of laches has attached—a presumption that Princeton cannot rebut.  However, even if Princeton could overcome this presumption, Princeton cannot deny that it unreasonably and inexcusably delayed in filing suit against Dell and that Dell would be materially prejudiced if the litigation continued.  This Court should dismiss Princeton's Complaint based on the doctrine of laches.

> **A.  A Presumption of Laches Applies Here Because Princeton Delayed Far More Than Six Years Before Filing Suit Against Dell.**

The face of the Complaint makes clear that the presumption of laches applies as the '056 Patent issued <u>over twenty years ago and Princeton admits that Dell's alleged infringement occurred in 2007 – six years before Princeton filed suit.</u>  Under Federal Circuit precedent, "the period of delay is measured from when the claimant had actual notice of the claim or would have reasonably been expected to inquire about the subject matter." *Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc.*, 988 F.2d 1157, 1161 (Fed. Cir. 1993).

> **1.  Princeton Delayed More Than Six Years from When it Knew or Reasonably Should Have Inquired about Dell's Allegedly Infringing Activities.**

As discussed above, the '056 Patent issued in 1989 and Dell began its allegedly infringing conduct (encoding of JPEG images for use on its website) as early as 1996.  Thus, during the majority of the life of the '056 Patent, Dell was performing the activities that are now accused of infringement.  As previously discussed, Dell's sale of computers through its website was widely known and publicized some <u>17 years before Princeton brought suit against Dell</u>.  *See* Woods Decl., Exhibit A.  Given the admitted extensive licensing effort by the previous owner of the '056 Patent, General Electric, it is reasonable to expect that the owner of the '056 Patent

would have inquired about Dell's allegedly infringing activity.  Yet, neither General Electric nor Princeton (who acquired the '056 Patent in 2009) ever notified Dell of any alleged infringement or made Dell aware of the '056 Patent.[3]  In addition, because Princeton can only seek damages from February 2007 to December 2007, Princeton has admitted in a letter to Dell that Dell's allegedly infringing activities were occurring at least six years ago in February 2007.  Princeton knew or reasonably should have inquired about Dell's allegedly infringing activity long before six years prior to filing the instant litigation.  The presumption of laches applies.

### 2. Princeton Cannot Rebut the Presumption that Laches Applies as It Has No Credible Reason for the Delay.

Princeton cannot rebut the presumption that laches applies here as it can offer no credible reason why it delayed in filing suit almost 20 years after Dell vey publicly began its allegedly infringing activities.  The Federal Circuit has recognized that some excuses for laches exist, such as: "other litigation, negotiations with the accused, possibly poverty and illness under limited circumstances, wartime conditions, extent of infringement, and dispute over ownership of the patent." *A.C. Aukerman Co.,* 960 F.2d at 1020.  However, the only excuse potentially available to Princeton – other litigation – is unavailing.

Prior to the recent mass filing of patent infringement suits[4] in Delaware, a review of the Federal dockets shows that Princeton had filed only four other patent infringement suits.  This small handful of suits, with the first suit filed in 2009, cannot excuse such a lengthy delay in filing suit against Dell.  As previously discussed, Dell's allegedly infringing activities were

---

[3]  Princeton cannot claim that the period when General Electric owned the '056 Patent does not count toward Princeton's unreasonable delay.  *See* 6 Chisum on Patents § 19.05[2][a][ii] ("[I]n determining the length of a delay, a transferee must accept the consequences of the dilatory conduct of immediate and remote transferors"; *Eastman Kodak Co. v. Goodyear Tire &Rubber Co.*, 114 F.3d 1547, 1559 (Fed. Cir. 1997) ("A patentee cannot avoid the consequences of his laches by transferring the patent.").

[4] Beginning in November 2012 through April 2013, Princeton filed 54 separate patent infringement suits in the District of Delaware.

widely publicized beginning in 1996 – <u>more than 10 years</u> before Princeton's first patent infringement suit.  *See* Woods Decl., Exhibit A.  Courts have held that such limited other litigation cannot excuse a delay in filing suit particularly when a continuous six year period without litigation exists.  *See Giese v. Pierce Chem*. Co., 29 F. Supp. 2d 33, 39 (D. Mass. 1998) ("Stated plainly, this understanding is that evidence of reasonable excuse for delay is not material, even if otherwise legally cognizable, <u>if a continuous six year period of delay</u> remains unexplained" (emphasis added).  Princeton cannot offer a credible reason for its unreasonable delay in suing Dell.

> **3.  The Presumption of Laches is Dispositive of the Entire Case Against Dell as Only Pre-Suit Damages are Possible.**

Because Princeton cannot rebut the presumption of laches, laches then bars Princeton from recovering any pre-suit damages from Dell.  As the '056 Patent expired in 2007, only pre-suit damages are available to Princeton.  Thus, this Court should dismiss Princeton's Complaint because the application of laches here is dispositive of Princeton's entire case against Dell.

> **B.  Even Absent a Presumption of Laches, the Two Elements Required for Laches are Satisfied Because of Princeton's Unreasonable Delay in Filing Suit and the Material Prejudice Dell Would Suffer if the Litigation Continues**.

Even if the Court declines to find a presumption of laches, laches still applies here as both elements required to prove the defense are satisfied.

> **1.  Princeton Delayed More Than Six Years from When it Knew or Reasonably Should Have Inquired about Dell's Allegedly Infringing Activities.**

For the reasons discussed in the preceding section, Princeton cannot defeat the first element required to prove the defense of laches – that Princeton delayed an unreasonable and inexcusable length of time before filing suit against Dell.  Given the extensive licensing activity for the '056 Patent, which Princeton acknowledges, it is reasonable that the owner of the '056

Patent would have inquired as to Dell's allegedly infringing activities. No such inquiry occurred. Thus, Princeton's delay in filing suit against Dell satisfies the first element required to prevail in a laches defense.

### 2. Princeton's Delay Has Materially Prejudiced Dell.

Dell can also readily satisfy the second element required to prove the laches defense – that Dell would be materially prejudiced if Princeton is allowed to proceed with its infringement claim despite its unreasonable delay.

Material prejudice may be in the form of either evidentiary prejudice or economic prejudice. *Aukerman*, 960 F.2d at 1033. Although Dell has arguably suffered economic prejudice from Princeton's unreasonable delay, the evidentiary prejudice that Dell would suffer is readily apparent. Evidentiary prejudice arises from the "inability to present a full and fair defense on the merits due to the loss of records, the death of a witness, or the unreliability of memories of long past events." *Aukerman*, 960 F.2d at 1033. The inevitable loss of memory by key witnesses due to the passing of time can cause substantial evidentiary prejudice to a party. For example, in a case involving a significant delay, the Court held that "[g]iven this passage of time, there is also the cumulative and inherent prejudice from the dimming memories of all participants, …." *Serdarevic*, 532 F.3d at 1360.

In the instant case, many Dell employees that were involved with the alleged infringing activities in 2007 are no longer employed by Dell. Those that remain have since taken on new roles at Dell, and cannot recall sufficient details to allow Dell to present and full and fair defense on the merits of the case. Also, the allegedly infringing activity involves the process by which the images displayed on Dell's website were created— i.e., the encoding of JPEG images—and not the actual images themselves. Because the focus of the infringement allegations is this

specific process, it is unlikely that any useful records were kept, much less saved after over six years. Even if the original images from six years ago exist, they would not provide the information needed to perform an infringement analysis.[5] In addition, the encoding of product images was (as best Dell can determine) performed by third parties, further reducing the possibility that any records exist.[6] Accordingly, Princeton's unreasonable delay in filing suit against Dell would result in substantial evidentiary prejudice to Dell if the litigation proceeds.

### 3. The Application of Laches is Dispositive of the Entire Case Against Dell as Only Pre-Suit Damages are Possible.

Because both elements required to prove laches are satisfied, laches then bars Princeton from recovering any pre-suit damages from Dell. As the '056 Patent expired in 2007, only pre-suit damages are available to Princeton. Thus, this Court should dismiss Princeton's Complaint because the application of laches here is dispositive of Princeton's entire case against Dell.

## VI.  CONCLUSION

For the foregoing reasons, Dell respectfully requests that the Court grant Dell's Motion to Dismiss Princeton's Complaint based on the doctrine of laches and grant all other relief that the court deems just.

---

[5] An analogous situation would be examining a photograph taken six years ago and trying to determine what camera was used to take the photograph and the camera settings that were used. Such information is not likely retained.
[6] Dell has previously informed Princeton that the alleged infringing activities were, to the best of Dell's knowledge, performed by third party vendors.

| | |
|---|---|
| Dated: July 12, 2013 | */s/ Francis DiGiovanni* |
| | Francis DiGiovanni (#3189) |
| Of Counsel: | NOVAK DRUCE CONNOLLY BOVE + QUIGG LLP |
| | 1007 North Orange Street, 9th Floor |
| Thomas M. Dunham | Wilmington, DE 19801 |
| J. Michael Woods | Fax:    302.658.5614 |
| WINSTON AND STRAWN LLP | Tel:    302.888.6316 |
| 1700 K Street, N.W. | frank.digiovanni@novakdruce.com |
| Washington, DC 20006–3817 | |
| Fax:    202.282.5100 | |
| Tel:    202.282.5000 | |
| tdunham@winston.com | *Attorneys for Defendant Dell Inc.* |
| mwoods@winston.com | |
| | |
| Monica M. Moussighi | |
| WINSTON & STRAWN LLP | |
| 1111 Louisiana, 25th Floor | |
| Houston, TX 77002 | |
| Fax:    713.651.2700 | |
| Tel:    713.651.2600 | |
| mmoussighi@winston.com | |