# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRINCETON DIGITAL IMAGE CORPORATION,<br><br>                    Plaintiff,<br><br>     v.<br><br>DELL INC.,<br><br>                    Defendant. | Case No. 13-238 (LPS)<br><br>JURY TRIAL DEMANDED |

## ANSWERING BRIEF IN OPPOSITION TO DEFENDANT DELL INC.'S MOTION TO DISMISS PLAINTIFF PRINCETON DIGITAL IMAGE CORPORATION'S COMPLAINT FOR PATENT INFRINGEMENT

**O'KELLY ERNST & BIELLI, LLC**

Sean T. O'Kelly (No. 4349)
901 N. Market Street, Suite 1000
Wilmington, Delaware 19801
(302) 778-4000
(302) 295-2873 (facsimile)
sokelly@oeblegal.com

*Attorneys for Plaintiff Princeton Digital Image Corporation*

OF COUNSEL:

Michael K. Botts
1629 K Street NW, Ste. 300
Washington, DC 20006
703-780-1295
202-204-2236 (facsimile)
mkbotts@verizon.net

Dated: August 5, 2013

# **TABLE OF CONTENTS**

I.  NATURE AND STAGE OF THE PROCEEDINGS ............................................................. 1

II. SUMMARY OF ARGUMENT ............................................................................................. 1

III. STATEMENT OF FACTS .................................................................................................... 2

IV. ARGUMENT ......................................................................................................................... 3

  A.  A Presumption of Laches Fails to Apply ........................................................................ 3

    1. Princeton Did Not Delay in Filing Suit. ..................................................................... 4

    2. Dell Was Not Materially Prejudiced by Any Delay by Princeton ............................. 7

  B.  Absent the Presumption of Laches, the Two Elements Required for Laches Are Not Satisfied, Because Princeton Did Not Delay in Filing Suit and Dell Is Not Prejudiced by a Delay ................................................................................................................................ 8

    1. Princeton Did Not Delay in Filing Suit. ..................................................................... 9

    2. Dell Was Not Materially Prejudiced by Any Delay by Princeton ............................. 9

V.  CONCLUSION .................................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

*A. C. Aukerman Co. v. R.L. Chaides Constr. Co.*,
  960 F.2d 1020 (Fed. Cir. 1992) (*en banc*) .......................................................................... passim

*Del Vecchio v. Bowers*,
  296 U.S. 280, 286-87 (1935) ...................................................................................................... 3

*Eastman Kodak Co. v. Goodyear Tire & Rubber Co.*,
  114 F.3d 1547 (Fed. Cir. 1997) .................................................................................................. 5

*Giese v. Pierce Chem. Co.*,
  29 F. Supp. 2d 33 (D. Mass. 1998) ............................................................................................ 6

*McKesson Info Solutions LLC v. TriZetto Group, Inc.*,
  426 F. Supp. 2d 203 (D. Del. 2006) ........................................................................................... 4

*Texas Dept. of Community Affairs v. Burdine*,
  450 U.S. 248 (1980) ................................................................................................................... 3

*Wanlass v. Fedders Corp.*,
  145 F.3d 1461 (Fed. Cir. 1998) ............................................................................................. 5, 6

*Wanlass v. General Elec. Co.*,
  148 F.3d 1334 (Fed. Cir. 1998) .................................................................................................. 5

**Statutes**

35 USC § 154 (c)(1) ........................................................................................................................ 8

Plaintiff Princeton Digital Image Corporation ("Princeton") submits this answering brief in opposition to the Motion to Dismiss the Complaint ("Motion to Dismiss") brought by Defendant Dell Inc. ("Dell").

## I. NATURE AND STAGE OF THE PROCEEDINGS

On February 15, 2013, Princeton filed suit against Dell for patent infringement. In the Complaint, Princeton alleges that Dell infringed U.S. Patent No. 4,813,056 (the "`056 Patent") by using the patented invention to encode image data into JPEG files in order to produce JPEG images of products sold on Dell's websites. *See* Complaint, ¶9. On July 12, 2013, Dell filed its Motion to Dismiss (D.I. 8), arguing that the equitable doctrine of laches prohibited Princeton from recovery for Dell's infringement.

## II. SUMMARY OF ARGUMENT

Dell's Motion to Dismiss should be denied because the equitable doctrine of laches does not apply in this matter. First, the presumption of laches is not applicable because Princeton did not know nor should it have known of Dell's infringement for more than six years prior to commencing suit. Princeton first learned of Dell's infringement in January 2013, and filed suit immediately thereafter. Second, having overcome the presumption of laches, the doctrine of laches fails because (a) Princeton did not unreasonably or inexcusably delay in bringing this lawsuit, and (b) Dell has not been materially prejudiced as a result of any delay.

There are two elements to the equitable doctrine of laches. First, a patent holder must delay in bringing suit in a way that is unreasonable and inexcusable. Second, the alleged infringer must suffer material prejudice attributable to the delay. Material prejudice suffered by the alleged infringer can be either economic or evidentiary in nature. A presumption of laches arises when the patent holder delayed filing suit for six years after actual or constructive

knowledge of the alleged infringement.  The presumption of laches can be rebutted by presenting evidence that, if believed, would disprove either element of laches.

In this case, the presumption of laches is rebutted by Princeton's evidence.  There was no delay by Princeton in filing suit, as Princeton learned of Dell's infringement in January 2013, and initiated the present action on February 15, 2013.  Princeton had no constructive knowledge of Dell's infringement.  Instead of delaying for six years as required for the presumption, Princeton filed less than one month after learning of Dell's infringement.  Even if there was a delay, it is excusable because of Princeton's current litigation efforts in enforcing the `056 Patent.  Lastly, even if there was a delay, Dell has not been prejudiced by it, as both its economic and evidentiary interests remain unaffected.

Further, Dell cannot prevail on the laches defense even assuming a presumption of laches.  First, Princeton's delay in filing suit was one month, which can hardly be considered unreasonable and inexcusable.  Second, Dell is not prejudiced by Princeton's delay.  Any delay by Princeton in bringing this lawsuit has not prejudiced but instead benefited Dell, as the period for which Princeton may recover is significantly lessened by any delay by Princeton.  Dell has not properly alleged significant harm by way of evidentiary prejudice in its opening brief in support of its Motion to Dismiss.

### III.    STATEMENT OF FACTS

The `056 Patent was issued on March 14, 1989 to Nicola J. Fedele.  The `056 Patent, entitled, "Modified Statistical Coding of Digital Signals", concerns the encoding of data into JPEG images.  Princeton obtained its rights in the `056 Patent in 2009, and enforced its rights under the `056 Patent by bringing suit against various infringing entities.  On or around January 28, 2013, Princeton learned that Dell used JPEG encoding and infringed the `056 Patent.  *See*

Declaration of Thomas F. Meagher in Support of Plaintiff Princeton Digital Image Corporation's Answering Brief in Opposition to Dell's Motion to Dismiss ("Meagher Decl."), ¶2. Princeton learned of Dell's infringing e-commerce activities and brought suit less than three weeks later. Meagher Decl., ¶3.

IV.     **ARGUMENT**

The laches inquiry is a two-step process. First, it must be decided if there is a laches presumption. The laches presumption arises if the defendant puts forth evidence of a six-year delay. "The patentee may then offer proof that the delay has not in fact been six years—that is, that the time it first learned or should have known of the infringement … was within six years." *A. C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1037 (Fed. Cir. 1992) (*en banc*). No presumption arises if the patentee offers such evidence. *Id.* "[T]he evidence must be sufficient to put the existence of a presumed fact into genuine dispute." *Id., citing Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 254-255 (1980); *Del Vecchio v. Bowers*, 296 U.S. 280, 286-87 (1935). A presumption is not evidence, though. *See id.* "If the patentee presents a sufficiency of evidence which, if believed, would preclude a directed finding in favor of the infringer, the presumption evaporates and the accused infringer is left to its proof." *Id.* at 1038. If, however, a laches presumption arises, the patentee may then offer proof directed to rebutting the laches factors. *Id.*

To prevail under the defense of laches, a defendant has the burden of proving that: (1) the plaintiff delayed in filing suit for an unreasonable and inexcusable time after the plaintiff knew or reasonably should have known of its claim against the defendant; and (2) the defendant suffered material prejudice or injury as a result of the plaintiff's delay. *McKesson Info Solutions*

*LLC v. TriZetto Group, Inc.*, 426 F. Supp. 2d 203, 208 (D. Del. 2006); citing *Aukerman*, 960 F.2d at 1028.

Here, no laches presumption arises because there has been no delay on the part of Princeton, or, even if there was, any delay was reasonable and Dell suffered no prejudice (or both). Dell fails to meet the burden of proof required by the defense, as it has not proven that Princeton delayed filing its Complaint against it.

### A. A Presumption of Laches Fails to Apply

"A prima facie defense of laches is made out upon proof by the accused infringer that the patentee delayed filing suit for six years after actual or constructive knowledge of the defendant's acts of alleged infringement." *Aukerman,* 960 F.2d at 1037. The "presumption of laches may be eliminated by offering evidence to show an excuse for the delay or that the delay was reasonable . . ." *Id*. at 1038. To overcome the presumption, the evidence need not be dispositive, but instead need only be sufficient to raise a genuine issue related to the reasonableness of the delay. *See id.* Similarly, a patentee may eliminate the presumption by offering proof that no additional evidentiary or economic prejudice occurred as a result of the delay. *See id.* "The patentee bears the burden only of coming forward with sufficient evidence to raise a genuine factual issue respecting the reasonableness of its conduct once the defendant shows delay in excess of six years." *Id.* at 1039.

#### 1. Princeton Did Not Delay in Filing Suit.

In the instant case, Princeton can defeat the presumption of laches because it received actual notice of Dell's infringement less than three weeks before filing suit. Princeton received actual notice of Dell's infringement on or around January 28, 2013, and filed its complaint on February 15, 2013. *See* Meagher Decl., ¶¶2-3. Princeton did not delay in asserting its rights, but

instead promptly sought to enforce those rights upon knowledge of the infringement. This fact alone raises the issue of the reasonableness of the Princeton's alleged delay in bringing suit. Accordingly, the presumption of laches does not apply.

Nor did Princeton have constructive notice of Dell's infringement. The period of delay is measured from the time the patentee has actual or constructive knowledge of defendant's potentially infringing activities. *See Eastman Kodak Co. v. Goodyear Tire & Rubber Co.*, 114 F.3d 1547, 1559 (Fed. Cir. 1997). Without actual knowledge, the patentee is only required to inquire further "provided the facts already known by him were such as to put upon a man of ordinary intelligence the duty of inquiry." *Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.,* 988 F.2d 1157, 1162 (Fed. Cir. 1993) (quoting *Johnston v. Standard Mining Co.,* 148 U.S. 360, 370 (1893)).

A patentee is on constructive notice when pervasive, open and notorious activities such as sales, marketing, publication or public use of a product cause suspicion of infringement. *Wanlass v. General Elec. Co.,* 148 F.3d 1334, 1338 (Fed. Cir. 1998). In *Wanlass v. General Electric*, the alleged infringer had "openly made, sold, and marketed" the device for over eighteen years, creating a duty to investigate the activities. *Id.* at 1334. If there is no suspicion, however, the Federal Circuit has held that a patentee does not have the duty to police an industry to maintain its infringement rights. *See Wanlass v. Fedders Corp.*, 145 F.3d 1461 (Fed. Cir. 1998). Where there is no actual notice of potential infringement, this Court has declined to find a duty to inspect. *See Acushnet Co. v. Dunlop Maxfli Sports Corp.*, CIV. A. 98-717-SLR, 2000 WL 987979, at *13 (D. Del. June 29, 2000).

In this case, Princeton was not on constructive notice of Dell's infringing activities. Unlike in *Wanlass v. General Electric*, the type of image encoding used by a website is not

5

pervasive, open or notorious, but requires very particular knowledge of the website and how it works. Requiring knowledge such as this was found to be unreasonable by courts. *See Wanlass v. Fedders Corp.*, 145 F.3d 1461 (Fed. Cir. 1998). Moreover, Princeton would have to police an industry, in this case, internet commerce, to adequately enforce its rights under the `056 Patent. Knowledge of Dell's infringement was not publically available through tradeshows or reports, but was instead in code on its website. Princeton first learned of Dell's infringement on or around January 28, 2013, years after Dell had been infringing, and filed suit shortly thereafter. Meagher Decl., ¶2.

Even if Princeton did delay in bringing this action, which it denies, Princeton's delay is excusable. Excuses that may justify a delay in enforcing a patentee's rights include "other litigation, negotiations with the accused, … extent of infringement, and dispute over ownership of the patent." *See Aukerman*, 960 F.2d at 1032-33. Courts, in analyzing whether a perceived delay was excused, "consider the practical limitations on the ability of plaintiffs to pursue multiple concurrent lawsuits." *Giese v. Pierce Chem. Co.*, 29 F. Supp. 2d 33, 40-41 (D. Mass. 1998).

In this case, Princeton's supposed delay is excused because Princeton did not know of Dell's infringement and, in addition, Princeton was engaged in other litigation with additional infringers of the `056 Patent. Moreover, as alleged in Dell's Opening Brief in support of its Motion to Dismiss, Princeton's predecessor-in-interest actively enforced its rights granted by the `056 Patent through an extensive licensing program in the years prior to Princeton's acquisition of the `056 Patent.

Princeton, upon receiving enforcement rights under the `056 Patent, has diligently conducted litigation in the Eastern District of Texas and the Southern District of New York with

6

respect to numerous defendants. The lawsuits were initiated by Princeton in 2009 and after, some of which are ongoing as of the date of this Answering Brief. In this instance, Princeton has actively enforced its rights under the `056 Patent since their acquisition. Further, Princeton's delay is therefore justified because it was litigating additional actions that arguably hindered its ability to enforce its rights against Dell.

2. <u>Dell Was Not Materially Prejudiced by Any Delay by Princeton</u>

Even if Princeton did delay in bringing this action, which Princeton denies, Dell was not prejudiced by such a delay. In order for Dell to be prejudiced, there must be either evidentiary prejudice or economic prejudice. *Aukerman*, 960 F. 2d at 1038. Evidentiary prejudice arises where a delay has curtailed the defendant's ability to present a full and fair defense on the merits due to loss of evidence, death of a witness, or the unreliability of memories. *Id.* at 1033. Economic prejudice may be found where a defendant suffers the loss of monetary investments or incurs damages which would have been prevented had plaintiff filed earlier. *Id.* Neither economic nor evidentiary prejudice exists in this action.

In its Motion to Dismiss and Brief in Support, Dell fails to raise facts to support its assertion that it has suffered economic prejudice as a result of Princeton's delay. Princeton can only infer as to what Dell's economic prejudice could be as Dell states that it has "arguably suffered economic prejudice" in its opening brief in support of its Motion to Dismiss. In point of fact, Dell's harm, if any, is less than Princeton's harm in waiting to file suit on a patent that has expired. With respect to a patentee's ability to enforce its rights, the United States Code reads in relevant part that:

> The term of a patent that is in force on or that results from an application filed before the date that is 6 months after the date of the enactment of the Uruguay Round Agreements Act shall be the greater of the 20-year term as provided in subsection (a) [the date of first filing], or 17 years from grant, subject to any terminal disclaimers.

7

35 USC § 154 (c)(1).

Per the statute, Princeton can only recover infringement damages from six years prior to filing suit, or February 15, 2007, through the `056 Patent's expiration date of December 8, 2007. Any delay *drastically* affects Princeton's ability to recover for Dell's infringement, while limiting Dell's liability.

With respect to Dell's alleged evidentiary prejudice brought forth by Princeton's delay, Dell asserts that it will not be able to put forth a full defense, yet provides information in its brief on its website from years prior to the suit being filed. Dell states in its opening brief in support of its Motion to Dismiss that it is prejudiced because many of the employees associated with the accused infringing activity are no longer employed by Dell or are in new roles with the company. However, Dell also asserts that it is unlikely that any useful records were kept by Dell of the encoding process. Dell also states that most of the data encryption was performed by third-party vendors, not Dell. Dell essentially admits that the delay did not prejudice it, because no records were kept and the encoding was not completed by Dell.

Further, Dell has not been prejudiced and has not been affected by Princeton's alleged delay, because Princeton's window to enforce Dell's infringement is limited. Any evidentiary information is still within the six year window from when the suit was filed. Dell is not prejudiced by Princeton's delay to file the suit, if there is such a delay.

### B. Absent the Presumption of Laches, the Two Elements Required for Laches Are Not Satisfied, Because Princeton Did Not Delay in Filing Suit and Dell Is Not Prejudiced by a Delay

Elimination of the presumption of laches means that the facts of unreasonable delay and prejudice then must be proved by the evidence presented. *Aukerman*, 960 F.2d at 1037-38.

Here, Dell has not proven that Princeton unreasonably delayed in bringing suit against Dell and that Dell was materially prejudiced by a delay.

        1.     <u>Princeton Did Not Delay in Filing Suit.</u>

As stated above, Princeton did not delay in filing suit, but instead first learned of Dell's infringement alleged in the complaint on or around January 28, 2013.  See Meagher Decl., ¶2.  Princeton did not delay in asserting its rights, but sought to enforce those rights immediately upon learning of that infringement.

Nor did Princeton have constructive notice of Dell's infringement.  JPEG encoding used by a website is not pervasive, open or notorious.  Accordingly, Princeton would have to police an industry to adequately enforce its rights under the `056 Patent, an effort not required by the Courts.  Further, Dell's infringement was not public knowledge, as it was not available through tradeshows or reports.  Princeton first learned of Dell's infringement on or around January 28, 2013, years after Dell had been infringing, and filed suit shortly thereafter.  Meagher Decl., ¶¶2-3.

Even if there was a delay the delay is excused because of Princeton's ongoing litigation.  Princeton, upon acquiring its rights in the `056 Patent, has conducted litigation since 2009 to enforce those rights, and some of those lawsuits continue to this day.  Princeton's alleged delay in filing suit should be excused because Princeton did not know of Dell's infringement until January 28, 2013.  Further, Princeton's delay should be excused because Princeton was litigating additional actions that hindered its ability to enforce its rights against Dell.

        2.     <u>Dell Was Not Materially Prejudiced by Any Delay by Princeton</u>

Dell has not suffered prejudice as a result of Princeton's delay.  In its Motion to Dismiss and Brief in Support, Dell fails to raise facts to support its assertion that it has suffered economic

prejudice as a result of Princeton's delay. Princeton can only infer as to what Dell's economic prejudice could be as Dell states that it has "arguably suffered economic prejudice" in its Opening Brief in Support of its Motion to Dismiss, and any purported prejudice is therefore lacking in sufficient proof. What cannot be disputed is that Dell's harm is not as large as Princeton's harm in waiting to file suit on a patent that has expired. Per statute, Princeton can only recover infringement damages from six years prior to filing suit, or February 15, 2007, through the `056 Patent's expiration date of December 8, 2007. The delay drastically affects Princeton's ability to recover for Dell's infringement, while limiting Dell's liability. Any delay benefited Dell.

With respect to Dell's alleged evidentiary prejudice brought forth by Princeton's delay, Dell asserts that it will not be able to put forth a full defense, yet essentially admits that it would not be prejudiced from the delay. Dell stresses in its Opening Brief in Support of its Motion to Dismiss that it is prejudiced because many of the employees associated with the activity are no longer employed by Dell or are in new roles with the company. Dell also asserts, in the same paragraph, that it is unlikely that any useful records were kept and that most of the data encryption was performed by third-party vendors. Dell states in its own brief that the delay did not prejudice it, because no records were kept and the encoding was not completed by Dell.

Further, Dell has not been prejudiced or even affected by Princeton's alleged delay, because Princeton's window to enforce Dell's infringement is limited. Any evidentiary information is still within the six year window from when the suit was filed. Dell is not prejudiced by Princeton's delay to file the suit.

## V. CONCLUSION

At all times, the defendant bears the burden of persuasion of the affirmative defense of laches. *Aukerman*, 960 F.2d at 1038. In this instance, Dell has not met that burden because it cannot prove that Princeton unreasonably delayed in filing this suit and that Dell itself is materially prejudiced by any delay.

                                                Respectfully submitted,

                                                **O'KELLY ERNST & BIELLI, LLC**

Dated: August 5, 2013                */s/ Sean T. O'Kelly*
                                                Sean T. O'Kelly (No. 4349)
                                                901 N. Market Street, Suite 1000
                                                Wilmington, Delaware 19801
                                                (302) 778-4000
                                                (302) 295-2873 (facsimile)
                                                sokelly@oeblegal.com

                                                *Attorneys for Plaintiff Princeton*
                                                *Digital Image Corporation*