**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| PRINCETON DIGITAL IMAGE CORPORATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) C.A. No. 13-238-LPS ) ) **JURY TRIAL DEMANDED** |
| DELL INC., | ) ) ) |
| Defendant. | ) |

**DEFENDANT DELL INC.'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF PRINCETON DIGITAL IMAGE CORPORATION'S COMPLAINT FOR PATENT INFRINGEMENT**

Of Counsel:

Thomas M. Dunham
J. Michael Woods
WINSTON AND STRAWN LLP
1700 K Street, N.W.
Washington, DC 20006–3817
Fax:   202.282.5100
Tel:   202.282.5000
tdunham@winston.com
mwoods@winston.com

Monica M. Moussighi
WINSTON & STRAWN LLP
1111 Louisiana, 25th Floor
Houston, TX 77002
Fax:   713.651.2700
Tel:   713.651.2600
mmoussighi@winston.com


Dated: August 15, 2013

NOVAK DRUCE CONNOLLY BOVE + QUIGG LLP

Francis DiGiovanni (#3189)
1007 North Orange Street, 9th Floor
Wilmington, DE 19801
Fax:   302.658.5614
Tel:   302.888.6316
frank.digiovanni@novakdruce.com

*Attorneys for Defendant Dell Inc.*

# TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................................. 1

II. ARGUMENT ........................................................................................................................ 2

   A. Princeton Has Failed to Present Evidence to Overcome a Presumption of Laches .... 2

      1. A Mere Statement by a Princeton Witness is Not Sufficient to Rebut a Presumption of Laches Under Federal Circuit Law ..................................... 2

      2. Dell's Use Of Digital Images on Dell.com Was Pervasive, Open And Notorious ........................................................................................ 4

      3. Princeton Cannot Avoid a Presumption of Laches by Ignoring the Lack of Diligence by the Prior Owner of the Patent-In-Suit ..................................... 6

   B. Even Absent a Presumption of Laches, the Two Elements of Laches are Satisfied ... 7

      1. Princeton or its Predecessor Knew or Reasonably Should Have Iquired about Dell's Allegedly Infringing Activities More than Six Years before Filing Suit ....................................................................... 7

      2. Dell is Prejudiced by Princeton's Delay Because Key Witnesses are no Longer Employed by Dell ................................................................. 8

III. CONCLUSION ................................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*,
    960 F.2d 1020 (Fed. Cir. 1992) (*en banc*) ..........................................................................2, 3

*Avia Grp. Int'l, Inc. v. L.A. Gear California, Inc.*,
    853 F.2d 1557 (Fed. Cir. 1988)..................................................................................................3

*Barmag Barmer Maschinenfabrik AG. V. Murata Machinery, Ltd.*,
    731 F.2d 831 (Fed. Cir. 1984)....................................................................................................3

*Biotec Biologische Naturverpackungen GmbH & Co. KG v. Biocorp, Inc.*,
    249 F.3d 1341 (Fed. Cir. 2001)..................................................................................................3

*Eastman Kodak Co. v. Goodyear Tire & Rubber Co.*,
    114 F.3d 1547 (Fed. Cir. 1997)..................................................................................................6

*Wanlass v. Gen. Elec. Co.*,
    148 F.3d 1334 (Fed. Cir. 1998)..............................................................................................4, 5

Defendant Dell Inc. ("Dell") submits this reply brief in support of its Motion to Dismiss the Complaint ("Motion").

## I. INTRODUCTION

Princeton Digital Image Corporation's ("Princeton's") Opposition to Dell's Motion to Dismiss ("Opposition") fails to rebut the presumption of laches established by Dell in its Motion. Princeton fails to overcome the presumption of laches because the evidence it presents is insufficient and not credible. A mere conclusory statement in a one page declaration that Princeton did not become aware of Dell's alleged infringing activities until January 2013, without any other support, is completely inadequate as evidence to refute the presumption of laches under Federal Circuit law. Further, Princeton's argument that it was not aware of the use of jpeg images on Dell.com – the alleged infringing activity - until January 2013 is simply not credible. Dell.com has been in operation since 1996 and widely publicized. In addition, a mere few seconds of investigation on the website would have revealed that the images were, in fact, jpeg images. Princeton also fails to offer an excuse for its delay as it ignores the 13 years during which the prior owner of the Patent-in-Suit failed to investigate Dell's allegedly infringing activities.

Princeton also fails to overcome Dell's argument that, even if the Court should decline to find a presumption of laches, the two elements required to show laches are still present. As discussed above, Princeton knew or reasonably should have inquired about Dell's alleged infringing activities long before six years prior to filing suit. In addition, Dell is materially prejudiced by Princeton's delay as most employees from the relevant time period are no longer with Dell.

Princeton has failed to meet is burden to rebut the presumption of laches established by Dell or to refute Dell's argument that the elements of laches are satisfied. This Court should grant Dell's Motion.

## II. ARGUMENT

### A. Princeton Has Failed to Present Evidence to Overcome a Presumption of Laches

In its Opposition, Princeton failed to rebut the presumption of laches due to Princeton's 17-year delay in filing suit. As discussed below, the evidence that Princeton provided to oppose the presumption of laches established by Dell—a mere conclusory statement by a sole declarant— is insufficient under Federal Circuit law. Further, contrary to Princeton's assertions, Dell's use of jpeg images on its website, www.dell.com ("Dell.com") —the alleged infringing activities—has been pervasive, open, and notorious since the website's inception in 1996. Finally, Princeton's attempt to excuse its delay in bringing suit ignores the fact that as a matter of law Princeton assumes the laches period from its predecessor in interest. This Court should grant Dell's Motion.

#### 1. A Mere Statement by a Princeton Witness is Not Sufficient to Rebut a Presumption of Laches Under Federal Circuit Law

In its Motion, Dell established that Princeton delayed over 17 years in bringing suit against Dell. Dell has been selling computers through its website, Dell.com, since 1996, and Dell.com has prominently displayed digital images of Dell's products throughout that period. In its Opposition, Princeton fails to rebut this presumption. To rebut a presumption of laches, the Federal Circuit has stated that a patentee may "offer proof that the delay has not in fact been six years—that is, that the time it first learned **or should have known** of the infringement … was within six years." *A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1037 (Fed.

Cir. 1992) (*en banc*) (emphasis added). However, the proof that Princeton purports to provide is completely inadequate and does not overcome the presumption of laches established by Dell.

In its Opposition, Princeton admits that to rebut a presumption of laches, the Federal Circuit requires that the patentee offer "a **sufficiency of evidence** which, if believed, would preclude a directed finding." *Id*. at 1038 (emphasis added). *See* D.I. 12, p. 6. However, Princeton's only evidence is a single sentence in a declaration stating that Princeton first learned of Dell's activities on January 28, 2013. Such a statement is not "a sufficiency of evidence" under Federal Circuit law. *See* D.I. 13, ¶ 2.

The Federal Circuit has frequently addressed "sufficiency of evidence": "[A] nonmovant must do more than raise merely some doubt as to the existence of a fact; evidence must be forthcoming from the nonmovant that would be sufficient to require submission to the jury of the dispute over the fact." *Avia Grp. Int'l, Inc. v. L.A. Gear California, Inc.*, 853 F.2d 1557, 1560 (Fed. Cir. 1988). Perhaps most relevant to this case is that "[i]t is well established that **conclusory statements** of counsel or a witness … do not raise a genuine issue of fact." *Biotec Biologische Naturverpackungen GmbH & Co. KG v. Biocorp, Inc.*, 249 F.3d 1341, 1353 (Fed. Cir. 2001) (citing *Barmag Barmer Maschinenfabrik AG. v. Murata Machinery, Ltd.*, 731 F.2d 831, 836 (Fed. Cir. 1984) ("The party opposing the motion must point to an evidentiary conflict created on the record at least by a counter statement of a fact or facts set forth **in detail** in an affidavit by a knowledgeable affiant. **Mere denials or conclusory statements are insufficient**.") (emphasis added)).

Princeton's only "evidence" to rebut the presumption of laches is a single sentence in a declaration by its President asserting that "[o]n or around January 28, 2013, Princeton first learned of Dell Inc.'s activities that infringed U.S. Patent No. 4,813,056 (the "'056 Patent") as

3

alleged in paragraph nine of Princeton's Complaint (D.I. 1) (the "Complaint")." *See* D.I. 13, ¶ 2. As discussed above, this mere conclusory statement is completely inadequate to rebut the presumption of laches. Princeton provides no supporting evidence for this assertion. It points to no other facts and only provides this bare conclusion. As such, Princeton's statement should be disregarded, and this Court should grant Dell's Motion.

### 2. Dell's Use of Digital Images on Dell.com Was Pervasive, Open, and Notorious

In an attempt to overcome the presumption of laches, Princeton argues unpersuasively that it did not have at least constructive knowledge of the use on Dell.com of jpeg images because such use was not "pervasive, open and notorious" as required by Federal Circuit law. *See Wanlass v. Gen. Elec. Co.*, 148 F.3d 1334, 1338 (Fed. Cir. 1998) ("The party must be diligent and make such inquiry and investigation as the circumstances reasonably suggest, and the means of knowledge are generally equivalent to actual knowledge. **These circumstances include 'pervasive, open, and notorious activities' that a reasonable patentee would suspect were infringing**.") (emphasis added). First, Princeton does not appear to dispute that Dell.com itself was used in a pervasive, open, and notorious manner. *See* D.I. 12, pp. 5-6. Rather, Princeton's argument appears to be that it was not aware that Dell used jpeg images on Dell.com until January 28, 2013, because Princeton could not look at Dell's source code.[1] *See* D.I. 12, p. 9. However, this argument fails as Princeton had a duty to investigate Dell.com and just a cursory review of the website would have revealed the existence of jpeg images—even in 2007.

Princeton's argument that it did not have even constructive notice of Dell's alleged infringement until January 28, 2013, fails given the that Princeton was aware of Dell.com and had a duty to investigate. *See Wanlass,* 148 F.3d at 1338 ("[S]ales, marketing, publication, or

---

[1] As explained herein, the determination of whether an image displayed on Dell.com was a jpeg image was a simple process that did not require access to any source code.

public use of a product similar to or embodying technology similar to the patented invention, or published descriptions of the defendant's potentially infringing activities, **give rise to a duty to investigate whether there is infringement**" (emphasis added).  Since 1996, Dell has been pervasively, openly, and notoriously selling computers through Dell.com, and has listed its products on the website with digital images throughout that period.  Dell.com was and is a nationally known website.  Princeton admits that only a "suspicion of infringement" is necessary to trigger a patentee's constructive notice of alleged infringing activities; yet, Princeton argues that the widely publicized launch and subsequent use of Dell.com did not provide Princeton and its predecessor a suspicion of infringement.  *See* D.I. 12, p. 8.  Princeton's argument here is not credible that, despite the publicly known existence of Dell.com for 17 years, Princeton suddenly—on January 28, 2013—became aware of the alleged infringing use of jpeg images on Dell.com.  Under Federal Circuit law, the "pervasive, open, and notorious" use of Dell.com created a duty for Princeton to investigate the alleged infringement and served as constructive notice of potential infringement to Princeton as early as 1996.

Princeton also argues, without merit, that "the type of encoding used by a website is not pervasive, open or notorious, but requires very particular knowledge of the website and how it works." *See* D.I. 12, p. 8-9.  Princeton further states that the alleged infringing activity "was not publicly available…, but was instead in code on its website." *Id.* This statement is false.  Even in 2007, a user of Dell.com could determine in a matter of seconds that a particular image on the website was a jpeg image.  For example, a user can place a computer's pointing device over an image on Dell.com and 'right-click' the mouse to view various selections in a table. If the user then selects "Properties" in that table a new table is provided that clearly identifies the image as a jpeg image.  A screenshot showing this identification for a Dell.com image from June 2007

5

(during Princeton's claimed damages period) is shown in Exhibit A. *See* Declaration of J. Michael Woods in Support of Dell's Motion to Dismiss, Exhibit A ("Woods Decl."). A simple click of a mouse would have shown to Princeton or its predecessor that the images on Dell.com were indeed jpeg images. The "open, pervasive, and notorious" use of Dell.com created a duty for Princeton or its predecessor to investigate and such investigation would have quickly revealed the allegedly infringing activity. As explained herein, Princeton's arguments to the contrary are demonstrably false.

>  **3.    Princeton Cannot Avoid a Presumption of Laches by Ignoring the Lack of Diligence by the Prior Owner of the Patent-In-Suit**

Princeton mentions several times in its Opposition that it was not aware of Dell's alleged infringing activities until January 28, 2013. However, Princeton fails to recognize that it is also responsible for any lack of diligence in investigating alleged infringement by the previous owner of the Patent-in-Suit. Princeton cannot deny that when it acquired the Patent-in-Suit, it acquired all the consequences of laches along with the patent rights. *See Eastman Kodak Co. v. Goodyear Tire & Rubber Co.*, 114 F.3d 1547, 1559 (Fed. Cir. 1997) ("A patentee cannot avoid the consequences of his laches by transferring the patent.").

Dell.com was in use for 13 years before Princeton acquired the Patent-in-Suit in 2009. By that time, General Electric, a very sophisticated party as evidenced by its extensive licensing of the Patent-in-Suit, had 13 years to pursue claims against Dell if it so chose. When Princeton acquired the patent in 2009, Princeton also acquired the diligence, or lack or diligence, of General Electric in enforcing its patent rights. Although even a four year delay by Princeton from 2009 until 2013 is unreasonable, Princeton cannot dispute that a <u>13 year delay</u> by General Electric from 1996 to 2009 establishes a presumption of laches.

In its Opposition, Princeton argues that its delay should be excused because it was engaged in other litigation from 2009 to 2013. Even if this was a valid excuse – and it is not[2] - Princeton offers <u>no evidence</u> as to why General Electric failed to pursue potential infringement for the 13 years that General Electric owned the Patent-in-Suit while Dell was openly and notoriously selling products on Dell.com. Princeton is responsible for General Electric's lack of diligence, as well as its own. Because Princeton's delay cannot be excused, this Court should grant Dell's Motion.

### B. Even Absent a Presumption of Laches, the Two Elements of Laches Are Satisfied

Even if the Court declines to find a presumption of laches, laches still applies here as both elements required to prove the defense are satisfied. Specifically, Princeton knew or reasonably should have inquired about Dell's alleged infringing activities more than six years before filing suit, and Dell has suffered material prejudice as a result of Princeton's delay.

#### 1. Princeton or its Predecessor Knew or Reasonably Should Have Inquired About Dell's Allegedly Infringing Activities More Than Six Years Before Filing Suit

As discussed at length above, Princeton's conclusory statement that they did not know of Dell's alleged infringing activities until January 28, 2013 is unreasonable. At the very least, Princeton <u>should have known</u> of Dell's use of jpeg images on Dell.com because this use was open and notorious since 1996. The investigation as to what type of images were in use on the website would have taken only a matter of seconds. Princeton's claim that it did not perform the

---

[2] Other than the 54 cases filed in late 2012 to early 2013, contemporaneously with the one filed against Dell, Princeton has filed only four other cases since 2009 when Princeton first acquired the Patent-in-Suit. Dell.com, with the images displayed, has been in operation since 1996. In the years from 1996 until 2009, when General Electric owned the Patent-in-Suit, not a single lawsuit was filed involving the Patent-in-Suit.

7

simple right-click of a mouse required to determine allegedly infringing activity is highly improbable at best.

Further, Princeton fails to acknowledge that Princeton is also responsible for any period of delay that occurred prior to its acquisition of the Patent-in-Suit. Princeton focuses on the time period from 2009 to 2013 when addressing the laches period. However, the appropriate time period for consideration is from 1996, when Dell.com was first launched, to 2013, when Princeton filed the lawsuit against Dell. Princeton cannot ignore the years before it acquired the Patent-in-Suit when addressing its delay.

### 2. Dell Is Prejudiced by Princeton's Delay Because Key Witnesses Are no Longer Employed by Dell

Princeton incorrectly alleges that Dell has suffered no evidentiary prejudice because no records were kept by Dell regarding encoding of images, and the encoding was not completed by Dell internally. However, in a letter dated May 22, 2013, Princeton alleges that Dell infringes despite the fact that third party vendors did all of the encoding of the jpeg images: "Princeton's position is that Dell is liable for infringement for even third party images that were altered in any way and saved, which would include at least re-sizing and changing the image resolution." *See* Woods Decl. Exhibit B.

As an initial matter, Princeton's argument in its Opposition that Dell is not prejudiced because third party vendors performed all of the jpeg image encoding is contrary to Princeton's representations to Dell in Exhibit B. If Princeton truly accepted that third parties performed all of the jpeg encoding, then no case or controversy against Dell would exist, and this lawsuit should be dismissed[3] regardless of the existence of laches.

---

[3] If Princeton accepts that third party vendors were responsible for the encoding of jpeg images, Dell at most could be liable for indirect infringement. However, Princeton has not alleged

8

Through the letter in Exhibit B, Princeton has made internal activity at Dell related to jpeg images an issue. As stated in Dell's Motion, because it is unlikely that any records were kept about resizing of images, the knowledge of the employees involved are likely Dell's only evidence on this issue. Six years have passed since the alleged infringing activities, and most of those employees involved with images on Dell.com during that time are no longer employed by Dell. Thus, Dell has indeed suffered irreparable evidentiary prejudice due to Princeton's unreasonable delay in bringing suit against Dell.

### III. CONCLUSION

For at least the reasons herein and in Dell's Motion and supporting documents, Dell respectfully requests that the Court grant Dell's Motion to Dismiss Princeton's Complaint based on the doctrine of laches and grant all other relief that the court deems just.

Dated: August 15, 2013

Of Counsel:

Thomas M. Dunham
J. Michael Woods
WINSTON AND STRAWN LLP
1700 K Street, N.W.
Washington, DC 20006–3817
Fax:   202.282.5100
Tel:   202.282.5000
tdunham@winston.com
mwoods@winston.com

Monica M. Moussighi
WINSTON & STRAWN LLP
1111 Louisiana, 25th Floor
Houston, TX 77002
Fax:   713.651.2700
Tel:   713.651.2600
mmoussighi@winston.com

Respectfully submitted,

*/s/ Francis DiGiovanni*
Francis DiGiovanni (#3189)
NOVAK DRUCE CONNOLLY BOVE + QUIGG LLP
1007 North Orange Street, 9th Floor
Wilmington, DE 19801
Fax:   302.658.5614
Tel:   302.888.6316
frank.digiovanni@novakdruce.com

*Attorneys for Defendant Dell Inc.*

---

indirect infringement, nor can it, because Princeton has not presented any evidence of Dell's knowledge of the Patent-in-Suit prior to the filing of the instant lawsuit.