

Francis DiGiovanni
302-467-4266 Direct
302-467-4201 Fax
Francis.DiGiovanni@dbr.com

*Law Offices*

222 Delaware Avenue
Suite 1410
Wilmington, DE
19801-1621

(302) 467-4200
(302) 467-4201 fax
www.drinkerbiddle.com

CALIFORNIA
DELAWARE
ILLINOIS
NEW JERSEY
NEW YORK
PENNSYLVANIA
WASHINGTON D.C.
WISCONSIN

December 10, 2014

**VIA CM/ECF**
The Honorable Leonard P. Stark
U.S. District Court of Delaware
844 N. King Street
Wilmington, DE 19801

> Re:  *Princeton Digital Image Corporation v. Dell, Inc.*
>      Civ. No. 13-238-LPS

Dear Chief Judge Stark:

Defendant Dell Inc. ("Dell") submits this letter brief pursuant to the Court's Order (D.I. 46), setting a teleconference for December 18, 2014, to resolve two discovery issues. First, Plaintiff Princeton Digital Image Corporation ("PDIC") proposes an inappropriate prosecution bar in the protective order (draft protective order with the parties' proposals attached as Exhibit A), which would apply to Dell even though PDIC is a non-practicing entity. Second, PDIC's disclosure of accused methods and systems in accordance with the Scheduling Order (D.I. 33) is deficient in that it does not provide Dell any information upon which to investigate PDIC's allegations. The parties met and conferred on these issues on November 6, 2014 (protective order) and on December 9, 2014 (PDIC's disclosure).

**Prosecution Bar:**  PDIC proposes a <u>bi</u>lateral prosecution bar without justification or legal support. PDIC agrees that the bar should be triggered by PDIC's access to Dell's confidential information, but proposes that the bar should <u>also</u> be triggered by Dell's access to PDIC's confidential information. *See* Exh. A at 10-12. PDIC's proposal is unnecessary because, as a non-practicing entity ("NPE"), PDIC is not at risk of being sued for patent infringement, and patent prosecution activity cannot be manipulated by Dell to ensnare a PDIC product because PDIC has no products.[1]  In contrast, Dell is an operating company with a vast number of products in the market, and the risk of inadvertent disclosure or misuse of Dell's technical information in prosecution matters is significant. *See, e.g., DN Lookup Tech. LLC v. Charter Comms., Inc.*, C.A. No.11-1177-LPS, Hrg. Tr. at 30-33 (D. Del. June 11, 2012) (upholding a one-way prosecution bar because an NPE plaintiff and the operating-company defendants in possession of highly confidential technical information were not similarly situated.).

*Established* 1849

---

[1]  In fact, PDIC cannot even confirm that it has confidential technical information to produce that might serve as a basis for PDIC's purported concerns.

DrinkerBiddle&Reath LLP

The Honorable Leonard P. Stark
December 10, 2014
Page 2

Moreover, PDIC's proposal has an exception that would specifically permit a party to use the opposing party's confidential information in any post-grant proceeding before the U.S. Patent and Trademark Office ("USPTO") concerning the Patent-in-Suit or any parent or child patents of the Patent-in-Suit. Such a provision would eviscerate the intent of the Protective Order—to restrict the use of an opposing party's confidential material to the instant litigation. In an effort to reach a compromise on the protective order, Dell offered to agree to a bilateral prosecution bar with one exception. Dell proposed that individuals, otherwise subject to the prosecution bar, would not be precluded from participating in post-grant proceedings before the USPTO only on behalf of a petitioner or requester. In a post-grant proceeding, the petitioner or requester of an inter partes review or reexamination cannot amend or add claims to the patent at issue. Thus, the petitioner or requester does not even have the opportunity to inadvertently misuse an opposing party's confidential information. Regardless, PDIC would not agree to Dell's proposal.

Dell requests that the Court enter Dell's proposed prosecution bar or, in the alternative, enter the compromise prosecution bar proposal described above.

**PDIC's Disclosures**. PDIC has failed to identify any process or system allegedly used by Dell to practice the asserted method claims of the Patent-in-Suit as required by paragraph 7a. of the Scheduling Order. The Scheduling Order required that PDIC "identify the accused product(s), including accused methods and systems, as well as the asserted patent(s) that the accused product(s) allegedly infringe(s)." *See* D.I. 33 at 3. On November 13, 2014, Princeton served its paragraph 7a. disclosures which stated:

> Upon information and belief Dell, Inc. ("Dell") infringed the '056 Patent by encoding images in a manner that infringed claims 18, 18, 20, 21, and 23 of the '056 Patent. For example, upon information and belief, Dell encoded image data into JPEG files for purposes of producing JPEG images of products sold through Dell's websites and/or converting existing images of such products into JPEG images of said products having different sizes and/or image quality, all for display on Defendant's websites for the purpose of selling said products.

Princeton Digital Image Corporation's Disclosure, dated November 13, 2014 at 1.

Importantly, PDIC is only asserting method claims. Thus, PDIC's disclosure needs to identify the specific process(es) or system(s) allegedly used to encode images so that Dell can investigate PDIC's allegations.

During the meet and confer on this issue, PDIC stated that the accused system or process was Dell's entire website, www.dell.com. In 2007, Dell's website included at

DrinkerBiddle&Reath LLP

The Honorable Leonard P. Stark
December 10, 2014
Page 3

least hundreds of images, which Dell obtained from a variety of sources. PDIC has represented to Dell that the prior owner of the Patent-in-Suit licensed this patent to numerous companies. Absent an identification of the specific process or system used to encode images (or an identification of the specific images that PDIC contends were encoded by an allegedly infringing process), Dell cannot determine what entity may have performed image encoding[2] and/or whether the encoding of images was performed using a licensed process.

Dell requests that the Court order PDIC to either identify the specific process or system that is the basis for PDIC's allegations or provide Dell with the images from Dell's website in 2007[3] that PDIC contends were encoded using the patented method.
Begin Typing Here

                                  Respectfully submitted,

                                  Francis DiGiovanni

FD/pn
cc:    Clerk of the Court (via CM/ECF)
        All Counsel of Record (via CM/ECF)
ACTIVE/ 78196872.1

---

[2] If Dell did not itself perform the process of encoding images, PDIC's allegations against Dell necessarily fail.

[3] The Patent-in-Suit expired in December 2007. Because PDIC delayed in filing suit until February 2013, PDIC can only potentially recover damages for alleged infringement between February and December 2007.