# O'KELLY ERNST & BIELLI, LLC

Sean T. O'Kelly, Esquire,
SOKelly@oeblegal.com
Direct: (302) 778-4001

901 N. Market Street
Suite 1000
Wilmington, DE 19801
Phone: (302) 778-4000
Fax: (302) 295-2873

December 10, 2014

**VIA ECF AND HAND DELIVERY**

The Honorable Chief Judge Leonard P. Stark
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Unit 26
Room 66124
Wilmington, DE 19801-3555

> Re:  *Princeton Digital Image Corp., v. Dell Inc.*
>      Civil Action No. 1:13-cv-238 (LPS)
>      Discovery Dispute regarding "Early Discovery Concerning Laches"

Dear Chief Judge Stark:

Princeton Digital Image Corp. ("PDIC") submits this 48-hour letter in accordance with Your Honor's Oral Order (D.I. 46). PDIC asks the Court to resolve three discovery disputes:

1. Dell's refusal to produce a 30(b)(6) deponent.

2. A prosecution-bar prohibition in a Protective Order. PDIC desires a bilateral prohibition. Dell insists that the prosecution prohibition apply only to PDIC.

3. Dell's objection to PDIC issuing third-party discovery despite Dell disclosing third parties after the Court's cutoff, and after the Court approved a stipulated extension of discovery regarding laches.

**1. Dell's refusal to produce a 30(b)(6) deponent.**

The Court ordered "Early discovery concerning laches" for summary judgment on October 10, 2014. The Order stated that "the parties will complete party and third party discovery related to the issue of laches by Nov. 17, 2014." Scheduling Order (D.I. 33).

Subsequently, because the parties were unable to complete laches related discovery within such a short timeframe, the parties stipulated and the Court ordered additional time for the

parties to complete early-laches discovery. Laches related discovery now terminates on February 6, 2015. *See* Stipulation and Order. (D.I. 48).

To date Dell served a 30(b)(6) deposition notice on PDIC and a third party subpoena on General Electric Corp. ("GE"). Although PDIC and GE have offered dates for Dell to take PDIC's and GE's depositions, no deposition of PDIC has occurred or is even scheduled. Dell withdrew its subpoena of GE on December 2, 2014, more than 30 days after serving GE.

PDIC served a 30(b)(6) deposition on Dell "Notice of Taking Deposition of Dell pursuant to Fed.R.Civ.P. 30(B)(6)" on November 12, 2014. PDIC's notice was timely. The deposition was served within the initial discovery period, and was to commence on November 24, 2014, or when convenient for Dell (approximately commensurate with Dell taking PDIC's 30(b)(6) deposition).

Yet, on November 13, 2014 Dell notified PDIC that it would not allow PDIC to depose a representative of Dell on the purported basis that it would occur after November 17, 2014 (the laches-related discovery cutoff).

Furthermore, even though the Court has now extended discovery until February 6, 2015, Dell still refuses to recognize PDIC's notice of deposition served November 13, 2014. Thus, Dell refuses to allow PDIC to take Dell's 30(b)(6) deposition.

PDIC contends that its initial notice of 30(b)(6) deposition was made well within the initial time for taking discovery. The scheduling of Dell's deposition could not have occurred any sooner because Dell had not produced any documents. In fact, PDIC propounded its notice of deposition without the benefit of documents or any evidence of laches as alleged by Dell. Still further, Dell cannot claim prejudice to having its deposition taken, at Dell's convenience, sometime between November 13, 2014 and February 6, 2015.

Dell is attempting to deny PDIC's access to Dell personnel with knowledge of the purposed defense raised <u>by</u> Dell, and is doing so on the improper (and factually incorrect) basis that PDIC's deposition notice was untimely when it was not. Furthermore, when asked during a meet-and-confer to resolve this dispute what, if any, prejudice Dell would suffer by producing its witness(es), Dell responded that it did not have enough time to produce someone with knowledge, notwithstanding the fact that PDIC and GE both agreed to produce witnesses after the close of laches-related discovery. Additionally, it can hardly be argued by Dell now that it cannot produce a witness at any point within the next two (2) months, in view of the February 6, 2015 cutoff.

On the other hand, PDIC will be severely prejudiced if it is unable to take Dell's 30(b)(6) deposition to confirm the validity of any evidence that Dell may produce when it produces documents allegedly supporting Dell's claims for laches. Thus, the Court should order Dell to produce one or more 30(b)(6) deponents in response to PDIC's November 13, 2014 30(b)(6) Notice of Deposition of Dell.

**2. Dell's refusal to allow an equal and bilateral Prosecution Bar.**

PDIC believes that a patent prosecution bar (or, alternatively, no bar) should apply equally to both parties in the Protective Order. Dell desires to restrict PDIC's patent prosecution bar, but is not willing to restrict itself to the same prohibition. Both sides should be equally restricted from participating in controversies involving the same matter as the disclosed confidential information. For example, anyone who actually receives computer source code may not participate in patent prosecution or litigation involving that coding matter, such as JPEG image optimization. There is an exemption that attorneys from either side may represent their clients in a related action at the USPTO. Failing that, PDIC believes that counsel to both parties ought to be treated equally under the protective order; not with one rule for PDIC's counsel and another for Dell's counsel, as Dell would have it.

**3. Dell's objection to PDIC issuing third-party discovery despite Dell disclosing third parties after the Court's cutoff, and after the Court approved a stipulated extension of discovery regarding laches**.

PDIC is still awaiting full document production from Dell. Dell promised to supplement its document responses to PDIC's discovery requests. In the meantime, PDIC asks the Court to allow it to issue third party discovery if PDIC determines that the Dell's supplementation or responses warrant PDIC issuing third-party subpoenas. PDIC would like to minimize the expense on all parties, including third-parties, if it can be avoided.

To date Dell is refusing to allow any third-party discovery, with one exception. Dell stipulated to allow PDIC to take third party discovery of two third-parties that Dell just recently disclosed to PDIC and after the disclosure deadline set by the Court. Dell categorically refused, however, to permit PDIC to seek additional third-party discovery as it deems necessary, despite the discovery deadline not closing until February 6, 2015. PDIC requests that, only if warranted, PDIC be permitted to issue third party discovery on the other third parties within the extended discovery period, in view of the fact that Dell did not timely and completely respond to the Court's Scheduling Order.

Sincerely,

/s/ Sean T. O'Kelly

Sean T. O'Kelly

cc: All Counsel of Record (via CM/ECF only)