

Francis DiGiovanni
302-467-4266 Direct
302-467-4201 Fax
Francis.DiGiovanni@dbr.com

*Law Offices*

222 Delaware Avenue
Suite 1410
Wilmington, DE
19801-1621

(302) 467-4200
(302) 467-4201 fax
www.drinkerbiddle.com

CALIFORNIA
DELAWARE
ILLINOIS
NEW JERSEY
NEW YORK
PENNSYLVANIA
WASHINGTON D.C.
WISCONSIN

*Established* 1849

December 11, 2014

**VIA CM/ECF**
The Honorable Leonard P. Stark
U.S. District Court of Delaware
844 N. King Street
Wilmington, DE 19801

    Re:   *Princeton Digital Image Corporation v. Dell, Inc.*
           Civ. No. 13-238-LPS

Dear Chief Judge Stark:

      Defendant Dell Inc. ("Dell") submits this letter brief in response to the letter brief filed by Plaintiff Princeton Digital Image Corporation ("PDIC") on December 10, 2014, which presented certain issues to Court for resolution regarding discovery and the parties' proposed protective order. Specifically, PDIC's letter addresses: (1) PDIC's Rule 30(b)(6) deposition notice to Dell; (2) the prosecution bar in the parties' proposed protective order; and (3) third party discovery.

      **PDIC's Late Rule 30(b)(6) Deposition Notice to Dell**. PDIC has repeatedly failed to timely serve discovery, including its Rule 30(b)(6) deposition notice of Dell, which should be precluded for its untimeliness and due to the prejudice it would impose upon Dell.

      In January 2014, at a hearing on Dell's motion to dismiss, the Court recognized that the issue of laches on the part of PDIC was a potentially case-dispositive issue that warranted early discovery and summary judgment proceedings. In the Scheduling Order (D.I. 33), the Court set a November 17, 2014 deadline for the close of laches-related fact discovery. In response to this deadline, Dell served document requests and interrogatories on PDIC on October 13, 2014, such that the responses to these discovery requests were due before the close of fact discovery. In addition, on October 28, 2014, Dell served a Rule 30(b)(6) deposition notice on PDIC with a requested deposition date of November 14—within the discovery period and after the ten-day reasonable notice period required by D. Del. LR 30.1.

      PDIC's response to the Court's deadline for laches-related discovery was quite different. PDIC waited until October 17, 2014 to serve its discovery requests on Dell, thus responses to these requests would be due on November 19—after the close of laches fact discovery.[1] Although PDIC was aware that its responses to Dell's discovery requests were due on November 12, 2014, PDIC failed to provide <u>any</u> response (or objections) to Dell's requests until November 19, 2014. To date, PDIC has still only produced token documents such as the file history for the Patent-in-Suit, despite waiving its objections. When queried about its document production during a meet and confer on November 20, 2014, PDIC's counsel responded that PDIC was awaiting third party concurrence before producing most documents. However, counsel admitted

---

[1] Despite this untimely service, Dell agreed that it would respond to PDIC's document requests and interrogatories and would not withhold information on the basis of untimely service.

DrinkerBiddle&Reath LLP

The Honorable Leonard P. Stark
December 11, 2014
Page 2

that—more than a week after PDIC's responses were due to Dell—PDIC had not even sought third party concurrence for all documents.[2]

PDIC's lack of diligence in discovery continued when PDIC served its Rule 30(b)(6) deposition notice to Dell on November 13—only 4 days (2 business days) before the close of fact discovery.[3] As noted above, Delaware Local Rule 30.1 states that reasonable notice for a deposition is not less than ten (10) days. Accordingly, Dell objected to PDIC's deposition notice as untimely served, as Dell did not have reasonable notice to provide a witness prior to the close of fact discovery.[4] In addition and contrary to PDIC's statements in its letter to the Court, responding to PDIC's untimely deposition notice now would prejudice Dell. As Dell informed PDIC during the meet and confer on this issue, Dell conducted an extensive investigation in response to PDIC's discovery requests which were served almost a month before PDIC's deposition notice. Because of PDIC's unreasonable delay in bring suit against Dell, Dell's investigation was particularly difficult as Dell had to identify information related to images used on Dell's website over seven (7) years ago. Unlike a typical patent litigation, most of the individuals involved in the accused activity were no longer at Dell so there is no single or even small number of Dell employees that have the personal knowledge necessary to address PDIC's deposition topics. If PDIC had timely served its deposition notice, Dell could have conducted its investigation with a view towards assembling information to prepare a deposition witness. In order to respond to PDIC's deposition notice now, Dell would need to re-trace its steps to gather information to properly prepare a witness.

In its letter to the Court, PDIC implied that the parties sought the schedule extension recently entered by the Court (D.I. 48) because the parties could not complete laches discovery. To the contrary, Dell propounded its discovery such that responses and depositions could occur within the original discovery period, and Dell properly responded to PDIC's discovery requests including the production of documents. Dell agreed that a schedule extension was necessary because PDIC stated that it needed more time to complete its document production. Without PDIC's document production, Dell could not reasonably move forward with depositions or summary judgment briefing. Dell specifically informed PDIC that the extension to the discovery period *was not for the purpose of seeking new discovery or responding to untimely served discovery*, but merely for PDIC to complete its responses to Dell's properly served discovery.[5]

---

[2] In its letter to the Court, PDIC mentions Dell's subpoena of GE; however, Dell has withdrawn that subpoena so it has no relevance to this issue.

[3] PDIC states that it served this deposition notice on November 12; however, the notice was served at 8:25 PM on November 12, after the Court's 6:00 p.m. deadline for timely service.

[4] PDIC has a history of untimely service, as PDIC's initial disclosures and even its letter to the Court that filed yesterday were served or filed after the Court's 6:00 p.m. deadline.

[5] In its letter to the Court, PDIC also states that PDIC has offered Dell a deposition date for its 30(b)(6) witness but Dell has not yet taken PDIC's deposition. However, PDIC's offer of a deposition date was meaningless as Dell cannot be expected to depose PDIC's 30(b)(6) witness without having seen any PDIC documents.

Case 1:13-cv-00238-LPS   Document 51   Filed 12/11/14   Page 3 of 4 PageID #: 305

**Drinker Biddle & Reath LLP**

The Honorable Leonard P. Stark
December 11, 2014
Page 3

Indeed, the schedule extension was expressly made subject to the Dell's objection to (and any Court ruling on) the issue of PDIC's late-served discovery. *See* D.I. 48, n.1 & n.2.

PDIC should not be rewarded for its repeated lack of diligence in pursuing discovery. Dell requests that the Court enter an order precluding PDIC's deposition notice as untimely.

**Prosecution Bar.**  In its opening letter to the Court, Dell provided a detailed discussion of its position on the parties' prosecution bar dispute.  In addition, Dell notes that PDIC's position in its letter that the prosecution bar should apply "equally" to both parties as a matter of course is contrary to established law.  The Federal Circuit has held that a party must show that the imposition of a prosecution bar on another party is appropriate given the specific circumstances in that action.  *See In re Deutsche Bank Trust Co. Americas*, 605 F.3d 1373, 1381 (Fed. Cir. 2010) (internal citations omitted) ("We therefore hold that a party seeking imposition of a patent prosecution bar <u>must show that the information designated to trigger the bar, the scope of activities prohibited by the bar, the duration of the bar, and the subject matter covered by the bar reasonably reflect the risk presented by the disclosure</u> of proprietary competitive information.") (emphasis added).   As discussed in Dell's opening letter, the imposition of a prosecution bar on Dell here is inappropriate.

**PDIC's Request for Late Third Party Discovery**.  On October 31, 2104, Dell complied with the Court's order and identified seven (7) third parties that may be in possession of images used on Dell's website in 2007.  PDIC never sought to take discovery on these third parties until *yesterday*, when it raised the issue in its opening letter to the Court.  The request comes too late, long past the close of fact discovery, and long past Dell's notification to PDIC that the proposed extension of laches discovery would not allow new discovery, but pertained only to timely-served discovery (*See* D.I. 48, n.1 & n.2.).  PDIC apparently seeks to completely re-open third party discovery even though PDIC made no effort to pursue these third parties prior to the laches discovery cut-off.  In its letter to the Court, PDIC wrongly complains that it could not have issued the subpoenas on a timely basis because it did not have Dell's document production.  First, Dell timely produced documents in response to PDIC's document requests on the date that responses were due.  Second, PDIC did not need Dell's documents before subpoenaing any of the third parties.  Accordingly, for the reasons discussed in the section above on PDIC's deposition notice, the Court should not reward PDIC for its lack of diligence in pursuing discovery.  Dell requests that the Court enter an order that no additional laches-related discovery may be served other than the agreed-on subpoenas for the two third parties that Dell disclosed in its interrogatory responses on November 19 (which Dell previously informed PDIC that Dell would allow).[6]

---

[6] Notably, during the parties' meet-and-confer process, the only issue raised by PDIC relating to third party discovery pertained to the two third parties that Dell disclosed in its interrogatory responses on November 19, on which Dell informed PDIC that Dell would allow discovery.  *See* Ex. A (PDIC's 12-4-2014 letter at 1, item 3).  PDIC's brand new argument, seeking additional third party discovery, should be stricken for this reason alone.

DrinkerBiddle&Reath

The Honorable Leonard P. Stark
December 11, 2014
Page 4

                                                    Respectfully submitted,

                                                    Francis DiGiovanni

FD/cr
cc:      Clerk of the Court (via CM/ECF)
          All Counsel of Record (via CM/ECF)

ACTIVE/ 78196872.1