# O'KELLY ERNST & BIELLI, LLC

Sean T. O'Kelly, Esquire,
SOKelly@oeblegal.com
Direct: (302) 778-4001

901 N. Market Street
Suite 1000
Wilmington, DE 19801
Phone: (302) 778-4000
Fax: (302) 295-2873

December 11, 2014

**VIA ECF AND HAND DELIVERY**

The Honorable Chief Judge Leonard P. Stark
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Unit 26
Room 6124
Wilmington, DE 19801-3555

    Re:    *Princeton Digital Image Corp., v. Dell Inc.*
            Civil Action No. 1:13-cv-238 (LPS)
            Discovery Dispute regarding "Early Discovery Concerning Laches"

Dear Chief Judge Stark:

Princeton Digital Image Corp. ("PDIC") submits this letter in response to Dell's December 10, 2014 letter (D.I. 49), and in accordance with the Court's Oral Order (D.I. 46).

**PDIC's Nov. 13, 2014 Disclosure Fully complied with Section 7.a. of the Scheduling Order**

The Court's Scheduling Order requires PDIC to "identify the accused product(s) including *accused methods* and systems, as well as asserted patent(s) that the accused product(s) allegedly infringe(s)." Scheduling Order § 7.a. (emphasis added) (D.I. 33).

PDIC fully complied with § 7.a. PDIC is asserting only method claims. So, in accordance with § 7.a. of the Scheduling Order, on November 13, 2014, PDIC disclosed to Dell the identity of the method claims PDIC alleges Dell infringed, namely claims 18, 19, 20, 21, and 23 of the '056 Patent by virtue of Dell having encoded image data for purposes of producing JPEG images for display on Dell's websites.

However, PDIC cannot (and arguably should not have to) identify the internal system(s) that Dell used to create these JPEG images for at least three reasons:

1. Dell's internal systems used to encode JPEG images are proprietary and not available to PDIC nor the public. PDIC is waiting for Dell to supplement its discovery responses to reveal the particular Dell systems used to encode JPEG images on Dell's websites.

2. Dell possesses all JPEG images that Dell displayed on its website in the 2007 timeframe. Currently, Dell (directly or indirectly) is using robots.txt to block PDIC from downloading these images.

3. Dell refuses to allow PDIC to take the 30(b)(6) deposition of Dell. Thus Dell has obstructed PDIC from discovering the Dell systems used to encode JPEG images on Dell's website in a manner that infringed the method claims of the '056 Patent.

In sum, Dell is trying to bemoan a problem that Dell has created. In fact, it is Dell that has not revealed the Dell system or corresponding methodologies used to create JPEG images on its website in the 2007 timeframe, notwithstanding that it admitted in its own letter to Your Honor (D.I. 49, p. 2-3) that it identified hundreds of images from its website. Dell therefore ought to be able to determine how those images it identified were created.

Without the benefit of further discovery, PDIC has no knowledge of the internal systems Dell used to encode JPEG images (hence infringe the method claims of the '056 Patent), and is waiting for Dell to provide this evidence in response to PDIC's discovery requests, and after PDIC is permitted to depose one or more Dell 30(b)(6) deponents.

On the other hand — as Dell knows — PDIC is not required to produce initial-claim charts showing why Dell infringes method claims of the '056 patent until **March 2, 2015**. *See* Scheduling Order § 7.c ("Plaintiff shall produce an initial claim relating to each accused product [method]"). At that time, PDIC will apply, on a claim-by-claim basis, why Dell's process of encoding JPEG images infringes the '056 patent.

Conversely, making PDIC produce more evidence, such as claim charts now, would result a tactical advantage to Dell in advance of PDIC's disclosure of claim charts to Dell on March 2, 2015, in accordance with Section 7.c. of the Scheduling Order. Nonetheless, in the event doing so would resolve this alleged dispute, PDIC hereby offers to produce an exemplar of an infringing Dell image, if so doing will give Dell the information it claims it needs to meaningfully respond to PDIC's discovery requests (PDIC would agree to do so provided it does not act in any way to limit PDIC's claims in this case).

Thus, the Court should deny Dell's request for PDIC to supplement its November 13, 2014 Disclosure, and order Dell to produce a 30(b)(6) deponent, to allow PDIC to identify the Dell system(s) used to encode JPEG images in a manner that infringed claims 18, 19, 20, 21, and 23 of the '056 Patent.

**Prosecution Bar Should be Bilateral or Not at all**

Dell argues that PDIC is a non-practicing entity, and thus the prosecution bar in the protective order should apply only to PDIC and not Dell. Dell is wrong.

First, much of the information that Dell is requesting flows from General Electric Corporation ("GE"), which was the previous owner of the '056 Patent. PDIC will necessarily have to share confidential information of GE relating to the '056 Patent to Dell including code and confidential information. So, Dell's attempt to frame the issue as concerning a non-practicing entity versus and practicing entity is misplaced, since some of the highly confidential information that PDIC will produce flows from GE; the original owner of the '056 Patent. In point of fact, Dell knows this very thing, which is why it propounded a subpoena on GE related to this case, followed by various conferences concerning the scope of the GE subpoena (counsel for PDIC also represents GE).

Second, Dell's compromise appears illusory because it would allow Dell to use proxy parties to file the IPR. Therefore, Dell's prosecution counsel could participate in the IPR, while PDIC's litigation/prosecution counsel would be precluded from the same opportunity.

Thus, the Court should treat the prosecution prohibition in the Protective Order bilaterally or not all.

                                                Sincerely,

                                                */s/ Sean T. O'Kelly*

                                              Sean T. O'Kelly

cc:    All counsel of record (*via* CM/ECF only)