DrinkerBiddle&Reath
L L P

Francis DiGiovanni
302-467-4266 Direct
302-467-4201 Fax
Francis.DiGiovanni@dbr.com

*Law Offices*

222 Delaware Avenue
Suite 1410
Wilmington, DE
19801-1621

(302) 467-4200
(302) 467-4201 fax
www.drinkerbiddle.com

CALIFORNIA
DELAWARE
ILLINOIS
NEW JERSEY
NEW YORK
PENNSYLVANIA
WASHINGTON D.C.
WISCONSIN

**VIA ECF**

The Honorable Leonard P. Stark                                    March 13, 2015
United States District Court of Delaware
844 N. King Street
Wilmington, DE 19801

        RE:     *Princeton Digital Image Corp. v. Dell, Inc.* Civ. No. 13-238-LPS

Dear Chief Judge Stark:

        Pursuant to Paragraphs 2 and 9(a) of the Scheduling Order, Defendant Dell Inc. ("Dell") respectfully requests leave to amend its Answer to include additional allegations relating to its license and release affirmative defense, and counterclaims against Plaintiff Princeton Digital Image Corporation ("PDIC") for breach of contract.  Dell's proposed amended answer is attached hereto as Exhibit A, and a blacklined version is attached hereto as Exhibit B.

        I.      **Facts Underlying Dell's License and Release Affirmative Defense and Breach of Contract Counterclaims**

        The allegations in Dell's affirmative defense of license and release, and proposed counterclaims based on breach of contract, are based on two agreements between PDIC and Adobe Systems Incorporated and PDIC and Microsoft Corporation.  PDIC is aware that Dell may have used both Adobe and Microsoft products to encode JPEG files in 2007 based on Dell's interrogatory responses and 30(b)(6) deposition testimony.

        PDIC brought suit against Dell on February 15, 2013.  On October 10, 2014, the Court issued a Scheduling Order setting a period for discovery and summary judgment briefing on laches.  *See* D.I. 33.  PDIC produced over 20,000 pages of laches related documents on the final day for the production of documents related to laches, January 9, 2015.  During its subsequent review of these documents, Dell discovered the Adobe license.  On February 19, 2015, Dell requested that PDIC stipulate that any use of an Adobe product by Dell was licensed, but PDIC has not responded to Dell's repeated requests.

        On February 19, 2015, counsel for Dell independently discovered that PDIC had entered into a license agreement with Microsoft Corporation.  PDIC is presently litigating with the Hewlett Packard Company ("HP") on whether HP's use of Microsoft products is licensed.  *See Princeton Digital Image Corporation v. Hewlett Packard Company et al.*, Case No. 1:12-cv-779 (S.D.N.Y.), at D.I. 434 (attached hereto as Ex. C).  On February 20, 2015, counsel for Dell requested that PDIC produce the Microsoft Agreement.  PDIC initially refused to produce the Microsoft Agreement even though it had already produced dozens of other licenses to Dell, but PDIC eventually produced the Microsoft Agreement on March 3, 2015.

*Established* 1849

DrinkerBiddle&Reath
LLP

The Honorable Leonard P. Stark
March 13, 2015
Page 2

## II.     The Court Should Grant Dell Leave to Amend

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "[C]ourts generally grant motions to amend absent a showing of undue delay, bad faith, or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility of the amendment." *Masimo Corp. v. Philips Elec. N. Am. Corp.*, 2014 WL 4365191, at *1 (D. Del. Sept. 2, 2014). Dell's request for leave to amend easily meets these standards.

### A.  Dell's Request Is Timely

Dell's request is timely. First, Dell has requested leave to amend its Answer by the deadline in the Scheduling Order for amending pleadings (*see* D.I. 33 at ¶ 2). Second, PDIC only produced the Adobe and Microsoft agreements recently, with the Microsoft agreement only produced ten days ago. Finally, the litigation is in its early stages, with the close of fact discovery not until January 29, 2016. PDIC will have ample opportunity to take discovery regarding Dell's license and release affirmative defense and counterclaims. Dell does not make this request in bad faith or for any dilatory motive, but only to add more specificity to its license defense and to add counterclaims based on license agreements which PDIC has only recently produced.

### B.  PDIC Will Not Be Prejudiced by Dell's Amendments

Dell's proposed amendments to its Answer will not prejudice PDIC. PDIC is aware that possible use by Dell of both Adobe and Microsoft products in 2007 could be at issue in this litigation based on Dell's interrogatory responses of November 19, 2014, and Dell's 30(b)(6) testimony of February 10, 2015. Moreover, PDIC is actively litigating the Microsoft license in its litigation with HP, and Adobe sought to intervene regarding its license with PDIC in other litigation before Your Honor. *See Princeton Digital Image Corporation v. L.L. Bean Inc.*, Case No. 13-cv-00325-LPS (D. Del.), at D.I. 14. In addition, as discussed above, the litigation is in its early stages with the close of fact discovery not until January 29, 2016. PDIC will have ample opportunity to take discovery regarding Dell's license and release affirmative defense and counterclaims.

### C.  Dell's Proposed Amendments Are Not Futile

Dell's proposed amendments are not futile. An amendment is futile only where it is frivolous or "advances a claim or defense that is legally insufficient on its face." *Koken v. GPC Int'l, Inc.*, 443 F. Supp. 2d 631, 634 (D. Del. 2006). In determining futility, courts apply the same test as with a motion to dismiss under Rule 12(b)(6). *See, e.g., Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Accordingly, the Court must accept Dell's factual allegations as true and view them in the light most favorable to Dell.

DrinkerBiddle&Reath
LLP

The Honorable Leonard P. Stark
March 13, 2015
Page 3

### i.  Dell's License and Release Affirmative Defense

In order to survive a motion to dismiss, affirmative defenses "must merely provide fair notice of the issue involved." *Internet Media Corp. v. Hearst Newspapers, LLC*, 2012 WL 3867165, at *3 (D. Del. Sept. 6, 2012).  Thus, a defendant has to "merely state, not show, an affirmative defense." *Cadence Pharm., Inc. v. Paddock Labs., Inc.*, 2012 WL 4565013, at *1 n.1 (quoting *Weed v. Ally Fin. Inc.*, 2012 WL 2469544, at *3 (E.D. Pa. June 28, 2012)).  Dell's amended affirmative defense easily meets the liberal pleading standards of affirmative defenses.  Specifically, Dell's amended affirmative defense puts PDIC on clear notice that any use by Dell of an Adobe or Microsoft product to encode image data into JPEG files is licensed under PDIC's licenses with Adobe and Microsoft.

### ii.  Dell's Counterclaims

To state a claim for breach of contract, a plaintiff must establish that: a contract existed; the defendant breached an obligation imposed by the contract; and the breach resulted in a damage to the plaintiff.  *VLIW Tech., LLC v. Hewlett-Packard Co.*, 840 A.2d 606, 612 (Del. 2003) (discussing the elements required for a breach of contract in Delaware).  Dell's proposed amendment alleges each element of a claim for breach of contract and is not futile.

Dell's amended answer recites that: PDIC granted licenses under the asserted patent to Adobe and Microsoft on ███████████████████, respectively; under the Adobe and Microsoft agreements, Dell's use of any Adobe or Microsoft products to encode image data into JPEG files is licensed; PDIC released and covenanted not to sue Adobe and Microsoft or their customers for any claims of infringement under the asserted patent; and PDIC's lawsuit violates its covenants not to sue and has damaged Dell at least by requiring Dell to expend resources to defend this lawsuit.  When viewed in the light most favorable to Dell as required by Rule 12(b)(6), Dell's proposed amendments more than satisfy the standard of legal sufficiency under Rule 12(b)(6) and should therefore be allowed by the Court.

Very truly yours,

Francis DiGiovanni

FD/pn
cc:      All Counsel of Record (via CM/ECF)