

Francis DiGiovanni
302-467-4266 Direct
Francis.DiGiovanni@dbr.com

**VIA ECF**  March 27, 2015

The Honorable Leonard P. Stark
United States District Court of Delaware
844 N. King Street
Wilmington, DE 19801

      Re:    *Princeton Digital Image Corp. v. Dell, Inc.,* Civ. No. 13-238-LPS

Dear Chief Judge Stark:

      Defendant Dell Inc. ("Dell") submits this letter brief in response to the letter brief filed by Plaintiff Princeton Digital Image Corporation ("PDIC") on March 26, 2015 (D.I. 84), which presented certain alleged laches discovery issues to Court for resolution.  PDIC's purported discovery issues are without merit and an apparent attempt to distract the Court from deciding this case on the merits.  Dell has exceeded its discovery obligations in providing information and documents to PDIC in an attempt to avoid burdening the Court with PDIC's contrived discovery issues.  However, PDIC has continued to assert these purported issues in the face of contrary evidence from Dell and has even refused to respond to Dell's questions about these issues–much as PDIC has refused to address any of Dell's issues with PDIC's discovery responses and document production.  To the extent that PDIC believes it is prejudiced in laches discovery, PDIC has only its own continued lack of discovery diligence to blame–the same problem that brought the parties before the Court for the previous discovery teleconference in December.

      **Dell's Production of JPEG Images**.  PDIC claims that Dell withheld relevant documents during laches discovery; specifically, JPEG images that Dell recently produced, which PDIC argues were in Dell's possession and were displayed on Dell's website in 2007.  *See* D.I. 84 at 1.  PDIC's argument is wrong on every point.  First, Dell did not withhold these JPEG images during laches discovery.  As an initial matter, <u>PDIC never requested any images in any laches discovery request</u>.  *See generally* Exhibits A and B.  Dell has raised this point with PDIC in several letters and meet and confers without a response from PDIC.  *See* Exhibit C at 2; D at 2.  Nonetheless, during laches discovery, Dell produced to PDIC a number of JPEG images for Dell's own use.  *See* Exhibit E at 85:8-21.  Second, contrary to PDIC's assertions, the images PDIC refers to were obtained by Dell from a third party and not held by Dell as PDIC alleges.[1]  *See* Exhibit D at 2.  ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉.  Third, the images obtained from the third party are not necessarily the images used on Dell's website in 2007.  ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

---

[1] Although <u>PDIC never requested these images in any discovery request</u>, Dell agreed to work with the third party to determine if the third party could identify any JPEG images that may have been from 2007.

The Honorable Leonard P. Stark
March 27, 2015
Page 2

The JPEG images obtained from the third party may have been used for a number of different purposes including print catalogs, advertising, or Dell's website. *See* Exhibit D at 2. Dell has no way to determine if a particular image was ever used on Dell's website.

Fourth, as Dell explained to PDIC, Dell cannot even confirm that the images Dell recently produced were in fact created in 2007. The third party holding the images determined that the date fields associated with the images were unreliable. Dell produced these images to PDIC based on an assumption that the file name disclosed the year that an image was created. Finally, PDIC appears to attach significance to these images as evidence for laches. However, this litigation concerns the <u>encoding</u> of JPEG images–not the images themselves. A particular image does not necessarily reveal the system used to encode the image. The system used to encode an image is particularly important in this litigation as the asserted patent was widely licensed, including licenses to the Microsoft Corporation and the Adobe System Corporation. *See* Exhibit D at 2.

In an apparent attempt to divert the Court from deciding the case on the merits, PDIC has grossly mischaracterized these JPEG images and the discussions and testimony concerning these images. Even if PDIC believes these images are somehow relevant, PDIC has only its own continued lack of diligence in discovery to blame for any purported prejudice to PDIC.

**Dell's Production of Two Additional Technical Documents.** PDIC grossly exaggerates Dell's supposed failure to disclose technical documents prior to the Court's deadline for such document production. *See* D.I. 84 at 2. Dell produced documents in response to PDIC's requests for production on November 19, 2014, and some additional documents by the Court deadline for the completion of laches document production on January 9, 2015. The Court's deadline for core technical document production (not associated with laches discovery) was January 20, 2015–after Dell had already produced documents in laches discovery. Dell informed PDIC that it did not have any additional documents to produce for the core technical document production. The technical documents that PDIC complains of consist of <u>two</u> additional technical documents that Dell's 30(b)(6) witness located during preparation for her deposition. Dell's counsel promptly produced these documents once they were identified. Moreover, PDIC never even questioned Dell's 30(b)(6) witness on these two documents. Once again, PDIC's failure to diligently pursue discovery does not warrant the burden on Dell of additional discovery. *See* Exhibit C at 4; D at 2.

**Dell's Identification of Employees**. PDIC complains that Dell did not disclose earlier the Dell employees identified during Dell's 30(b)(6) deposition. *See* D.I. 84 at 2.



Dell did not identify these individuals in response to PDIC's interrogatories as PDIC only sought the identity of individuals who "encoded images on www.dell.com during the Infringement Time Period." Exhibit A at 3. As Dell has previously informed PDIC, the Dell

The Honorable Leonard P. Stark
March 27, 2015
Page 3

employees identified during the 30(b)(6) deposition did not encode images for www.dell.com. Moreover, Dell fails to see the relevance of these additional employees to the issue of laches. During the parties' meet and confers, PDIC failed to address any of these points. To the extent PDIC believes it needed depositions of these employees for laches then PDIC's lack of discovery diligence is to blame, as PDIC never sought this information in discovery and waited until essentially the end of laches discovery to schedule Dell's 30(b)(6) deposition.

**Dell Email and Document Search**. In manufacturing its complaints about Dell's document production, PDIC misrepresents Dell's document production and 30(b)(6) deposition testimony. *See* D.I. 84 at 3. PDIC implies that Dell did not perform a reasonable search for documents and refused to supplement its production. To the contrary, Dell performed a reasonable search for responsive documents and produced any such documents that were identified. Dell informed PDIC of Dell's searches by letter and during meet and confers. *See* Exhibit F at 2. PDIC also raises another red-herring argument that Dell did not contact the 12 individuals discussed above until a few weeks before Dell's 30(b)(6) deposition. *See* Exhibit E at 47:2-17.

PDIC's allegation that Dell did not timely issue litigation holds to employees and third party agents is completely false and utterly without merit. PDIC apparently raised this alleged issue because two additional Dell employees were just identified during the 30(b)(6) deposition preparation process. As soon as these employees were identified Dell issued legal hold notices to them. For other employees identified during Dell's investigation, Dell issued legal hold notices to these employees once it was determined that these employees might have information relevant to the litigation. For example, Dell's 30(b)(6) witness was placed on legal hold in 2013. Contrary to PDIC's assertion, Dell has no obligation and no ability to issue litigation holds to third parties. Finally, PDIC alleges that Dell failed to perform an adequate search of its computer systems for email from 2007 on "an enterprise level." D.I. 84 at 3. During a meet and confer, Dell's counsel agreed to work with Dell to provide additional information on the searchability of email. *See* Exhibit G.

**Conclusion**. PDIC's alleged discovery issues result primarily from PDIC's failure to diligently pursue discovery throughout the litigation, and PDIC's mischaracterization of Dell's 30(b)(6) deposition testimony and Dell's discovery process. PDIC's contrived discovery issues do not warrant any remedy much less sanctions. This Court should not reward PDIC for its continued lack of diligence in discovery.

.

The Honorable Leonard P. Stark
March 27, 2015
Page 4

                                                  Respectfully,

                                                  Francis DiGiovanni

FD/cr

cc:     Clerk of the Court (via ECF)
        Counsel of Record (via ECF)

79663142.1